## McAteer v. McMullen.

1. Evidence of contradictory statements, to discredit a witness examined at the trial, not admissible, unless he is first examined as to such statements, so as to give an opportunity for explanation.
2. So of an omission by the witness to state facts in a previous trial between other parties, unless it be shown to have been pertinent to that issue, and then subject to the rule above stated, § 1.
3. Purchaser under devisee has notice of a subsequent devise in the same will of a part of the subject of the first devise, though uncertain until election.

Error to the Common Pleas of Cambria county.

The defendant in error claimed title in ejectment as heir of her brother Robert, in whom she showed title under the will of his father, who devised to him "fifty acres on the west end of the place previously given to his son Michael, for ten years, and at the end of that time to hold the same by paying to Michael five dollars per acre in instalments, to be given him on either side of the road, as Michael may think proper," &c. She then proved by Michael, that the premises in question were set off at the west end of the tract devised, though a clearing had first been commenced at the east end, by an agreement between himself and Robert, and had been paid for; but no· deed had been made, nor does it appear there was any continued possession by Robert.

The plaintiff below was a purchaser at sheriff's sale under Michael, and claimed to hold as a purchaser without notice, on which the court charged "that the will under which the defendant claimed was notice to him of a devise of fifty acres off the north-west corner of the tract, that being the part which best answered the description in the will, unless it had been selected elsewhere, and never given up; any man reading the will would be bound to inquire whether Robert had got his fifty acres, and when; and whatever would put a man on inquiry was notice."

Two points were made on rejection of evidence. 1. That after a previous ejectment by a stranger against the present defendant for this land, Michael, the witness of the plaintiff, had said he had now gained his own land, and would go back there to live; and, also, that when examined in that case he had said nothing about Robert's having first commenced a clearing at the east end of the tract.

Michael being recalled, said his son had purchased a right under which the recovery was had, and he expected to come in with him, but he had no contract.

*Banks*, for plaintiff in error.

*Cox*, contrà.

Rogers, J., (after stating the case.)—It is not pretended the witness had any right in the land, and the testimony is intended to impeach his credit by his own declaration, which goes to show he supposed he had an interest.   In that view we think, in justice to the witness, who has rights as well as the parties, the defendants were bound to interrogate the witness in the first instance as to what he did say, so that he may have an opportunity to explain.   An explanation was afterwards given, which, if true, and it was not attempted afterwards to contradict it, shows his conversation with McGlaughlin, if any he had, was harmless. He says after the former trial he told McAteer that they should leave the place, for he would come back in spite of them, for his son had bought the land and paid for it, and he would have better authority than they.   He did not say he had gained the land again, for he was not contending for it.   He may have had a conversation with McGlaughlin.   He never told him he had gained the land.   He may have said he would go back to Mullen's Hill, for his son was able to buy it, and pay for it.   The case itself shows the propriety of the rule, for after this explanation no attempt was made to contradict the witness.

The defendants then offered to prove, that Michael Mullen was examined as a witness for the plaintiffs in the case of Brady and wife *v.* McAteer; that the suit was for an undivided interest in the same land claimed to be recovered in this suit.   That in that trial Michael Mullen, in his testimony, said nothing about Robert Mullen having commenced a clearing on the east side of the turnpike.   Had it been between the same parties, there would have been less difficulty, but there is nothing on the record to show that the testimony offered was mentioned in the first case, or that it would have been pertinent to the issue; in that case only would the omission to state it have thrown the slightest discredit on the testimony of the witness.   We think on that ground its rejection was proper.   Besides, it is open to the same objection as in the first bill.   Michael Mullen should have been called on to state what he did say in the former suit, whether he did tell the same story then as now, and his reasons for omitting to tell, if he did so, that which he now testifies to.

The defendant alleges there was error in instructing the jury that the devise to Robert Mullen, in the will of his father, was sufficient notice to Philip Neen that he was not a bonâ fide purchaser without notice.

The court instructed the jury that Neen was not a bonâ fide purchaser without notice, because the testator, in the will under which he

of course must claim, devised to his son Robert fifty acres of the north-west corner of the tract, that being the part which last answered the description in the will, unless it had been selected elsewhere and never given up. That any person on reading the will would be led to inquire whether Robert Mullen had got his fifty acres, and where, and whatever would put him on inquiry would be notice. This is a correct application of an acknowledged elementary principle, and consequently effects the purchaser with constructive notice.

Judgment affirmed.