# Commonwealth of Pennsylvania *v.* John L. Cowan, Appellant.

*Criminal law—Forgery—Evidence.*

On an indictment for forgery, a card found in the defendant's office upon which were certain words and figures in his handwriting tending to show experiments in simulating the instruments forged, is admissible in evidence, the issue being whether defendant altered the notes alleged to have been forged, with or without the consent of the indorser.

*Evidence—Contradiction of witness—Ground necessary to be laid.*

Where a question has for its purpose to lay ground for the contradiction of the witness it is within the sound discretion of the trial judge to exclude the question unless the witness is first examined as to the subject-matter, time, place and person involved in the supposed contradiction.

Argued April 13, 1897.    Appeals, Nos. 69, 70 and 71, April T., 1897, by defendant, from judgments of Q. S. Allegheny Co., June Sess., 1896, Nos. 152, 230 and 231, on verdicts of guilty. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Indictment for forgery.

The cases appear to have been argued together.    The defendant was indicted on three separate bills for forging or altering certain promissory notes drawn by the firm of which he was a member and indorsed by William Ahlers.

Verdict of guilty found on three bills, and defendant sentenced thereon.    Defendant appealed.

*Errors assigned* were (1) in admitting Exhibit No. 15, under the following questions, answer and bill of exceptions, to wit: "The defendant, John L. Cowan, being a witness under cross-examination was shown a business card, by counsel for the commonwealth, being the business card of W. G. Cowan & Son, on the back of which were certain figures, and being asked if the writing and figures on the back were in his, the defendant's handwriting, and admitting they were, the counsel for the commonwealth in rebuttal for the commonwealth made the following offer: Counsel for the commonwealth offers in evidence

exhibit No. 15, being a card which Mr. Cowan admits to be in his handwriting and which Mr. Ahlers states was found in Mr. Cowan's office. Objected to as not rebuttal, as incompetent and irrelevant, and as having nothing whatever to do with case."

The Court: What is that intended to rebut?

Mr. Patterson: It is intended to rebut this. Mr. Cowan, the defendant, testified that he was authorized to raise three notes of dates November 29, and another note that Crawford got of an earlier date, from $150 to a higher sum, one of them up to $750, and the other to $950. Now, if he was authorized to do that, there was no need for him to practice so as to artfully change the one into a seven, and a nine to another figure. And I say that that card shows on its face that this man, who says he was authorized to raise these notes, was practicing to enable him to do the very thing which Mr. Alher authorized him to do.

The Court: Well, we will admit it. Bill of exceptions sealed for defendant.

(2) In refusing to permit counsel for defendant to ask the following question in cross-examination, on the following question and bill of exceptions.

" William Ahlers, the prosecuting witness, being under cross-examination regarding his interest and sincerity in the prosecution of John L. Cowan, and his interest and sincerity in the extradition of John L. Cowan to Allegheny county from Guatemala for trial, was asked the following question by counsel for defendant. Question: Didn't you tell a member of this bar within two weeks almost within the neighborhood of where we sit, the whole thing was a blunder, bringing Cowan back? "

Mr. Patterson: I object, unless they name the member of the bar and the time and place, for the purpose of contradiction and agree to follow it up with contradiction.

The Court: You must name the person, time and place. Objection sustained. Bill sealed for defendant.

*Marron & McGirr*, for appellant.—No evidence can be admitted which does not tend to prove or disprove the issue joined: 3 Russell on Crime, p. 279; Wharton, Crim. Ev. sec. 24.

" If the evidence be so dubious that the judge does not clearly perceive the connection, the benefit of the doubt should be given to the prisoner instead of suffering the minds of the

jurors to be prejudiced by an independent fact carrying with it no proper evidence of the guilt: " Shaffner v. Com., 72 Pa. 60.

*D. F. Patterson,* with him *John C. Haymaker,* district attorney, *Clarence Burleigh* and *Carroll P. Davis,* for appellee.

OPINION BY SMITH, J., May 3, 1897 :

The defendant was convicted upon three indictments, each charging the crime of forgery, and was sentenced to pay fines and undergo imprisonment in the Allegheny County Workhouse for periods of two years, the imprisonment to be concurrent in each case. In view of the fact that the liberty of a citizen is involved, we overlook the irregular manner in which the record is made up, and will pass upon the assignments of error.

The first assignment complains of the admission in evidence of a card, upon which were certain words and figures in the defendant's handwriting, which was found in his office after his flight to avoid arrest. A brief reference to the facts as given in the paper-books will serve to demonstrate the purpose of this card as evidence. On November 28, 1895, the defendant wrote to William Ahlers, the prosecutor, saying that W. G. Cowan & Son, the defendant being the "son," owed D. Wheeler $600, and that the latter would give three, four, five and six months, time on the debt if the defendant would furnish a good indorser; he inclosed four notes of his firm, filled up by himself, each for $150, payable at the times indicated to the order of the prosecutor. Mr. Ahlers indorsed the notes, and remailed them to the defendant as requested. Three of these notes were raised from $150 to $750, and turned over by the defendant to Mr. Wheeler, who had them discounted by the First National Bank of Reynoldsville. The prosecutor said he had also indorsed two other notes for W. G. Cowan & Son, under date December 19, 1895, one at two months for $150, and the other at three months for $175. Soon after the maturity of the two months' note, the prosecutor received notice of the protest of a note of W. G. Cowan & Son, bearing his indorsement, for $750. Knowing that he had not indorsed a note for this amount, the prosecutor wrote to the bank for a statement of the notes held by it with his indorsement, saying that he had not indorsed a $750 note for anybody. In reply he was informed that the bank held

his indorsement on six notes of W. G. Cowan & Son, and John L. Cowan, amounting in the aggregate to $6,125, as follows: Note dated December 10, 1895 at two months for $750; another of the same date at three months for $775; a note dated December 10, 1895 at four months for $2,350, and three notes dated November 29, 1895, at three, four and five months, respectively, for $750 each. The prosecutor had an interview with the defendant in presence of Mr. Wheeler on February 28, 1896. Immediately thereafter, the defendant fled from the state, but was captured April 23, 1896, on board a steamer in the harbor of Guatemala, and brought back and put on trial. On the notes dated December 10, 1895, no change was apparent upon ordinary inspection, and the defendant testified that none was made. But alterations were manifest both in words and figures on the three notes upon which these prosecutions were based; and the defendant admitted having made them, and asserted that he did so after obtaining the verbal consent of the prosecutor, over the telephone. Upon this alleged authority the defense was based, and the defendant's testimony was relied on to establish it. He admitted that the writing and figures on the card were made by him, and he also asserted that he had changed the amount of another note on which the prosecutor was indorser, from $150 to $950, with the latter's consent. The prosecutor testified that he never authorized the defendant to make any alteration in any note after indorsement, and that he had never indorsed paper for the defendant or his firm, leaving a blank for the insertion of the amount. He also denied the allegation of the defendant that one of the $150 notes dated November 29, 1895, had been returned unused.

Under this conflicting testimony, it was for the jury to determine whether the alterations were made with the prosecutor's consent. And how far, if at all, the letters and figures on the card tended to show that the defendant had been practicing, in order to so expertly change the amounts of the notes as to avoid detection, according to the contention of the commonwealth, was likewise for the jury to decide. The substance of the reason given in support of the offer, so far as pertinent to the issue, is that the card shows that the defendant was practicing "so as to artfully change the one into a seven," and as

it is admitted that the notes were altered by the defendant from $150 to $750, these changes necessarily involved the substitution of the word "seven" for the word "one" so as to conform the notes to their altered condition. The card, therefore, if showing this, was not without some relevancy to the main question. That it may have contained other marks and characters not material to the issue would not preclude its admission. If, as he alleged, the defendant had authority to make the changes, there would seem to be no occasion for practice that they might be made so skillfully as to be indiscernible. If, however, no authority was given, there might be reason for trying to so accomplish the work as to avoid detection. Whether the effect of the contents of the card was to corroborate the theory of the prosecution and to discredit that of the defense, was, as we have said, for the consideration of the jury, and under the circumstances it was not error to admit it. If, as contended, it but disclosed "the aimless scribbling of an idle hand," its admission could have done the defendant no harm.

The remaining assignment is to the effect that the court erred in sustaining an objection to the following question put to the prosecutor, William Ahlers, on cross-examination : " Didn't you tell a member of this bar within two weeks, almost within the neighborhood of where we sit, the whole thing was a blunder, bringing Cowan back ? "

Objected to, "unless they name the member of the bar, and the time and place, for the purpose of contradiction, and agree to follow it up with contradiction." The Court: "You must name the person, time and place. Objection sustained."

To the professional mind the purpose of this question is well understood. Indeed, it may be said to have a fixed purpose in the law of evidence, namely : to lay ground for the contradiction of the witness if he should deny having made the statement forming the subject of the inquiry, and thereby to affect his credibility. Formerly, where it was intended to impeach the credit of a witness by proof of verbal statements contrary to his present testimony, the rule was imperative that the witness must first be asked as to the subject-matter, time, place and person involved in the supposed contradiction; otherwise no proof of such statements would be admitted: 1 Greenl., Ev. sections 462, 467; McAteer v. McMullen, 2 Pa. 32; Wright

v. Cumpsty, 41 Pa. 102. Later, this rule has been so far modified as to leave its enforcement to the sound discretion of the trial court, subject to reversal if the discretion is abused: Walden v. Finch, 70 Pa. 460; Rochrock v. Gallagher, 91 Pa. 108. But the rule itself remains unshaken, and whatever may be said against it there is certainly no just ground for complaint because it has been observed. In the absence of any allegation to the contrary, the trial judge was justified in assuming that the purpose of the question was to lay ground for contradicting the witness, and in requiring that the rule in such cases be complied with. The strained effort here to give the question a different purpose is not supported by any sound legal reason, and is unwarranted in view of what took place at the time it was ruled upon. It was manifest that the court and the counsel for the commonwealth regarded the question as having been asked for the customary purpose, and the objection and the ruling were expressly upon this assumption. If the defendant's counsel intended the question for any other purpose he should have then stated it to the court below, and shown, if he could, that for some exceptional reason the inquiry was not within the general rule governing the class of questions which a witness may not be required to answer unless his attention is called to the circumstances, so that he may thereby refresh his memory and explain what was formerly said, if he desires to do so. In the present case no attempt was made to show by other testimony that the witness had said what was impliedly ascribed to him by the question.

The judgment of the court below in each case is affirmed, and it is now ordered that John L. Cowan, the appellant, be remanded to the custody of the keeper of the Allegheny county workhouse, there to be confined according to law for the residue of the term for which he was sentenced and which had not expired on the 10th day of August, 1896, and that the record be remitted to the said court with instructions to carry this order into effect.