## Commonwealth *v.* Disalvo, Appellant.

*Criminal law—Murder—Interference with witnesses—New trial —Appeal.*

1. On an appeal in a murder case, the appellate court cannot consider a complaint as to the Commonwealth's interference with defendant's witnesses where such question was passed upon by the court below on a motion for a new trial, and there is nothing in the record which would enable the appellate court to review the merits of such collateral proceeding.

*Criminal law—Murder—Evidence—Intoxication—Self-defense.*

2. Where defendant in a murder case relies solely upon self-defense, he cannot complain that the trial judge failed to instruct the jury as to the effect of intoxication on his mind.

*Criminal law—Murder—Evidence—Friendly relation between prisoner and deceased—Cross-examination—Discretion—Abuse.*

3. It is not reversible error for the court to refuse to admit on cross-examination evidence of a friendly relation between the prisoner and deceased, where the materiality of the evidence does not appear, and no abuse of discretion is shown.

4. If such evidence was deemed material, it might have been offered as part of defendant's case.

*Criminal law—Murder—Bloodstains—Res gestæ—Evidence.*

5. It is proper in a murder case to permit the mother of the deceased to testify that marks on her apron, which she produced, were bloodstains, where it appears that such evidence tended to corroborate the testimony of the witness, and was part of the res gestæ.

*Criminal law—Murder—Evidence—Stenographer's notes.*

6. On a murder trial it is proper to permit a stenographer to refresh her memory from the transcribed copy of her notes of statements made by a witness in an interview in the county jail, where it appears that she personally transcribed the notes, and that no attempt was made to offer them in evidence.

*Criminal law—Murder—Witnesses without knowledge of English—Cross-examination—Evidence.*

7. On a murder trial where it is claimed that witnesses for the Commonwealth have so little knowledge of English as not to be able fully to understand the questions put to them, it is for defendant to show this on cross-examination, and the weight to be given to such testimony under the circumstances is for the jury.

8. Declarations made to police officers prior to the trial by defendant's witnesses when they were in custody on a charge of conspiracy, are admissible to contradict their testimony at the trial, where it appears that the declarations were not offered as in the nature of a confession, and further that the witnesses were informed that any statement, made by them, would be used against them.

*Criminal law—Murder—Reasonable doubt—Charge.*

9. On a murder trial there is no error in charging that it is the duty of the jury to give defendant the benefit of any reasonable doubt arising out of the evidence which would prevent them from coming to a satisfactory conclusion, but that this doubt must fairly arise out of the evidence and must not be fancied or conjured up in their minds to escape an unpleasant duty; that it must be an honest doubt such as fairly strikes a conscientious mind and clouds the judgment; that if the mind be fairly satisfied of the fact on the evidence as much so as would induce a man of reasonable firmness and judgment to take the fact as true, and act upon it in a matter of importance to himself, it would be sufficient to rest a verdict on.

Argued May 12, 1922. Appeal, No. 108, Oct. T., 1922, by defendant, from judgment of O. & T. Clarion Co., Dec.

Statement of Facts—Opinion of the Court. [275 Pa.

T., 1912, No. 1, on verdict of guilty of murder of the first degree, in case of Commonwealth v. James Disalvo. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before SLOAN, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree upon which sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions appearing by the opinion of the Supreme Court, quoting record.

*Don C. Corbett,* with him *Biagio Merendino* and *Geo. F. Whitmer,* for appellant.

*A. A. Geary,* with him *D. M. Geist,* District Attorney, *F. J. Maffett* and *H. M. Rimer,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 24, 1922:

Defendant appeals from judgment and sentence of the court below entered and imposed on a verdict of murder of the first degree.

There is little dispute as to the main facts leading up to the commission of the crime. Defendant, with a number of friends, was visiting on a Sunday afternoon at the home of one of his Italian friends and, while gathered together on the porch, Vento, the deceased, joined them. Defendant at once began singing "Who brought this infame here," whereupon Vento announced that if his presence was not desired he would return home and left, accompanied by a friend, the party going by a rear alley in the direction of the former's home. Shortly after their departure defendant followed and, when he had overtaken Vento and his friend, the latter said to defendant, "What's the matter with you fellows," to which remark defendant applied a vile name to Vento and,

without further warning, fired two shots, the first striking the companion of Vento in the hand and the second Vento, causing his death in a few minutes. Defendant contends he shot but once and that in self-defense, following a shot fired by deceased, which defendant says injured his hand. This testimony is contradicted by the friend of deceased, who claims to have been injured by defendant's first shot, and also by another witness, and is not supported by other testimony. On the contrary, a witness called on defendant's behalf testified he saw no firearm in Vento's hands and that the latter merely turned around and raised his hands as defendant fired.

The trial judge submitted the case to the jury in a brief charge which presented the law relating to murder and manslaughter and also the principles applying to the law of self-defense, affirmed defendant's seventeen points for charge which substantially cover the facts and legal principles involved and at the end of the charge asked counsel whether further instructions were desired. No additional request was made and counsel for defendant took no specific exceptions to the instructions given, merely asking for a general exception, which was granted. Numerous assignments of error are filed complaining of inadequacy of the charge in various respects and also of the admission of certain evidence on behalf of the Commonwealth.

The second assignment accuses the Commonwealth of unfairness in the prosecution in that witnesses for defendant were arrested and indicted on a charge of conspiracy to murder deceased but subsequently discharged owing to inadequacy of the evidence against them. In answer to this contention it is sufficient to say the question was passed upon by the court below on a motion for a new trial and we find nothing in the present record which enables this court to review the merits of such collateral proceeding.

The third, fourth and fifth assignments complain that the trial judge stated to the jury abstract principles of

law and failed to apply them to the facts in the case and also unduly emphasized the evidence given for the Commonwealth. While the charge was brief, the trial judge stating he would not refer fully to the facts, a summary of the testimony produced by the Commonwealth was given and the attention of the jury called to the fact that defendant admitted having fired the shot, claiming, however, to have done so in self-defense. This was followed by a statement of the law governing such defense and a summary of the circumstances of the shooting as described by defendant. These instructions, together with the affirmance of defendant's seventeen points, fully covered the case. Complaint is further made that the court failed to instruct the jury as to the effect of intoxication on the mind of defendant. While the testimony indicates the members of the party had been drinking, it utterly fails to establish that defendant was intoxicated or had drunk liquor to such extent as to render him incapable of forming specific and deliberate intent to take life, necessary to constitute murder of the first degree: Com. v. Cleary, 148 Pa. 26. Defendant's account of the shooting shows he relied upon self-defense entirely and made no claim of being incapable of comprehending the effect of his act owing to intoxication.

The sixth assignment raised the question as to the refusal of the trial judge to admit on cross-examination the evidence of the existence of a friendly relation between defendant and deceased. The materiality of the evidence does not appear and we find no abuse of discretion on the part of the trial judge in excluding the testimony. If defendant had deemed it important to his defense, he might have offered the evidence as part of his case.

The seventh assignment objects to the action of the trial judge in permitting the mother of deceased to testify that marks on her apron, which she produced, were bloodstains, the contention being that such evidence tended to inflame the minds of the jury and prejudice them

against defendant.   The evidence was competent, however, for the purpose of corroborating the testimony of the witness, and was part of the res gestæ of the crime.

Under the eighth and ninth assignments it appeared the trial judge admitted evidence that police officers boarded the train on which defendant was making his escape,—the purpose being to attack defendant's credibility in that part of his defense in which he stated that, upon learning of the death of decedent, he endeavored to locate officers to whom he would surrender himself,— and that, upon these officers appearing, he made no request that he be taken into custody.   The claim of defendant is that he was not in position to see the officers, but as the answers of witnesses favored defendant in this respect no harm was done him.

As to the tenth assignment, the court properly permitted the stenographer, who had taken stenographic notes of statements made by one of the witnesses in an interview in the county jail, to refer to the transcribed copy of her notes in connection with her evidence.   While the notes themselves were the original evidence, they were transcribed personally and merely used to refresh her memory, no attempt being made to offer them in evidence.

Assignments eleven to fourteen complain of statements made by defendant's witnesses to police officers while in custody on a charge of conspiracy, the evidence being offered to contradict testimony given by them at the trial.   Defendant contends such statements should not have been received until proven to have been made voluntarily, especially the statements of those witnesses who did not clearly understand the English language.   Of course, if the knowledge the witnesses possessed of the English language was so limited that they were unable to fully comprehend the questions put to them, this was a proper matter to be shown by defendant on cross-examination and the weight to be given the testimony, under the circumstances, was for the jury.   An examination of the record fails to disclose evidence of an improper man-

ner of examination, and in no way indicates intimidation of witnesses, but, on the contrary, it appears the witnesses were informed that any statements they made would be used against them. Furthermore, the declarations were not offered as being in the nature of confessions but merely to attack the credibility of the witnesses in a proceeding in which they were not concerned as parties but only as witnesses. For this purpose the evidence was clearly competent.

Complaint is also made that the trial judge failed to give the jury a proper definition of reasonable doubt. The jury were instructed that it was their duty to give defendant "the benefit of any reasonable doubt arising out of the evidence which prevents you from coming to a satisfactory conclusion, but this doubt must fairly arise out of the evidence and must not be fancied or conjured up in your mind to escape an unpleasant duty. It must be an honest doubt such as fairly strikes a conscientious mind and clouds the judgment. If the mind be fairly satisfied of the fact on the evidence as much so as would induce a man of reasonable firmness and judgment to take the fact as true and act upon it in a matter of importance to himself, it would be sufficient to rest a verdict on." This instruction is in accord with the decisions of this court: Com. v. Andrews, 234 Pa. 597, 608; Com. v. Conroy, 207 Pa. 213.

The case was clearly for the jury and the verdict was amply supported by the evidence.

All assignments of error are overruled, the judgment is affirmed and the record remitted to the court below for the purpose of execution.