# Marshall *v.* Carr, Appellant.

*Evidence—Witness — Competency — Party dead — Ejectment—Discretion of court—Sur-rebuttal—Recall of witness.*

1. In an action of ejectment, where plaintiff claims through his deceased mother and the defendant claims as surviving husband,

declarations of deceased made in the presence and hearing of defendant are admissible in evidence.

2. The appellate court will not review the discretion of the trial judge in refusing to permit defendant, in surrebuttal, to testify to alleged statements made to him by a witness for plaintiff, different from her testimony, without having first called her attention thereto.

3. Nor will the appellate court review his discretion in refusing to delay the trial and order the witness, who had left the courthouse, to be brought back so she might be further cross-examined, to lay the ground for the contradiction of her testimony.

*Evidence—Reputation—Veracity — Witness — Refreshing memory—Marriage—Declarations—Cross-examination.*

4. Where a witness has testified that he is acquainted with the defendant's reputation for truth and veracity, he may be permitted to state what it was.

5. In an ejectment, where the issue is whether defendant was married to the woman from whom he claimed as surviving husband, it is proper to permit a witness, a police clerk, to refresh his recollection from docket entries in a criminal proceeding against defendant, and testify that the latter had stated under oath that he was not married.

6. In such case there is no legal objection to the cross-examination of defendant as to his relations with deceased before his alleged marriage with her, nor as to the kind of house she then kept.

*Practice, C. P.—New trial—Extraneous statements to plaintiff—Objection—Exception.*

7. Extraneous statements made by plaintiff at the trial, are not ground for a new trial, where the record shows that no objection or exception was taken to such statements, nor request that they be stricken out, nor that a juror be withdrawn and the case continued.

*Appeals—Assignments of error—Answer to points.*

8. A litigant cannot assign error to an affirmance of his own point.

Argued May 17, 1922. Appeal, No. 349, Jan. T., 1922, by defendant, from judgment of C. P. Luzerne Co., Nov. T., 1915, No. 759, on verdict for plaintiff, in case of Furman Marshall v. Frank L. Carr. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Ejectment.  Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.  Defendant appealed.

*Errors assigned,* inter alia, were various rulings and instructions quoting record.

*S. S. Herring,* for appellant.

*Q. A. Gates,* with him *F. A. McGuigan,* for appellee.

OPINION BY MR. JUSTICE WALLING, June 24, 1922:

This is an action of ejectment for certain land in Wilkes-Barre, which Furman Marshall, the plaintiff, claims as sole heir of his mother, Clarissa Marshall, alias Clarissa Marshall Carr, deceased; while Frank L. Carr claims the right to possession thereof as her surviving husband.  The case turns upon whether Carr and Clarissa were husband and wife. She kept a sporting house and he lived and cohabited with her for about seventeen years prior to her death in 1915, and claims they were married at Scranton by a magistrate, on September 25, 1911, which plaintiff denies and contends that if defendant was a party to a marriage ceremony on that occasion, it was with another woman who impersonated Mrs. Marshall.  Plaintiff recovered and defendant has appealed.  Other facts will be found in Marshall v. Carr, 271 Pa. 271.

We have carefully examined the assignments of error and find them without merit.  The first complains of the admission of statements made by Clarissa to her brother, during her last illness, to the effect that she was never married to Carr.  There was evidence that these statements were made in the presence and hearing of Carr and they were properly admitted on that ground. The second assignment is to the refusal to permit defendant, in surrebuttal, to testify to alleged statements

made to him by plaintiff's witness, Irene White, different from her testimony, without having first called her attention thereto. This was purely a matter of discretion and not reviewable (Cronkrite v. Trexler, 187 Pa. 100; Caffrey v. Phila. & R. Ry. Co., 261 Pa. 252, 256; Baldi v. Ins. Co., 18 Pa. Superior Ct. 599, 609), as was the refusal, complained of in the third assignment, to delay the trial and order Mrs. White, who had left the courthouse, brought back so she might be further cross-examined, to lay ground for the contradiction above stated.

The fourth assignment is to the admission of the evidence of a police officer as to Carr's reputation in the community for truth and veracity. The witness, after some hesitation and uncertain answers finally said he was acquainted with the reputation, and, therefore, it was not error to permit him to state what it was.

After the date of the alleged marriage ceremony Carr was in a police court for violation of a city ordinance, and, at the present trial, the court permitted the police clerk to refresh his recollection from docket entries and testify that Carr had there stated on oath he was unmarried. The fifth assignment complains of this ruling, mainly because defendant on cross-examination had admitted the making of such statement, but, if so, it was harmless and in any event tended to clear up the question as to whether the denial of his marriage was there made upon oath.

The sixth assignment is to the refusal of a new trial because of extraneous statements made by plaintiff when testifying in his own behalf. As the record shows no objection or exception to such statements, or request that they be stricken out, or that a juror be withdrawn and the case continued, they afford no ground for a new trial. While the refusal of a new trial on other grounds is made the basis of the eighth assignment, so far as the motion therefor raises legal questions they are raised again in several of the assignments of error above re-

ferred to, and the other reasons given for a new trial raise questions for the discretion of the trial court, whose action thereon does not call for our interference.

The seventh, ninth and tenth assignments do not seem to require discussion. We will say, however, there was no legal objection to the cross-examination of defendant as to his relations with Mrs. Marshall prior to the alleged marriage (Marshall v. Carr, supra), nor as to the kind of a house she then kept; nor is there error in those excerpts from the charge which describe the house and its inmates and habitues, nor in the court's statement to the jury that defendant's case was not helped by the illicit relations of the parties prior to the alleged marriage.

The language of the charge, complained of in the eleventh assignment, is what the appellant's third request asked the court to instruct the jury, and a litigant cannot assign error to an affirmance of his own point.

The judgment is affirmed.