## Weiss *v.* Wolovitz, Appellant.

*Trespass—Action for loss of goods checked in coat room—Evidence.*

In an action of trespass to recover damages for the loss of a fur coat checked in a coat room, judgment is properly rendered in favor of plaintiff where evidence was produced to prove that the defendant had control over the coat room; had refused to allow the plaintiff to secure her coat, after she had reported the loss of the check; and that later on, the coat had been removed by some unknown person.

Submitted October 12, 1923. Appeal, No. 143, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1922, No. 940, in favor of plaintiff in case tried by the court without a jury in the suit of Anna Weiss v. Charles Wolovitz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP. JJ. Affirmed.

Trespass to recover damages for loss of a fur coat. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $316 and entered judgment thereon. Defendant appealed.

*Error assigned* was the judgment of the court.

*G. Ruhland Rebmann, Jr.,* and with him *Edmonds & Obermayer,* for appellant.

*Howard Kirk* and *James L. Baxter,* for appellee.

OPINION BY HENDERSON, J., December 10, 1923:

The plaintiff's action was trespass to recover the value of a fur coat lost by her at a dancing party given in the

defendant's hall under the auspices of the Good Friend Central Day Nursery. The coat was placed, with that of a girl friend's, in the coat room attached to the hall. She received an identification check for the two coats, which she gave to a gentleman friend who lost it from his pocket during the course of the evening. Learning this fact, the plaintiff notified the defendant, who was at or near the cloak room, and identified her coat and that of the young woman who was with her. The evidence of the plaintiff and two other witnesses called by her was to the effect that defendant told the plaintiff that having lost her check she must wait until the party dispersed before he would deliver the coat. The president of the nursery association requested him to give up the coat, which he refused to do, at the same time saying he was responsible for it but that she must wait until the end of the dance. When the plaintiff called for her coat after midnight she discovered it had been taken by some other person.

The case was tried without a jury and the trial judge found for the plaintiff on evidence which fully supported the judgment. The defense was that the nursery association had leased the coat room as well as the dancing hall, and that the defendant had no responsibility with respect to the cloak room, and a provision to that effect was in the lease. Whatever the relation of the defendant may have been to the association in this respect, it clearly appeared from the testimony of the plaintiff that the defendant exercised control over the cloak room, that he refused to permit the owner of the coat or the president of the association to enter it to procure the coat while it was in view of all of them; that he induced the plaintiff to wait for the delivery of her coat until the party broke up, and that he stated he was responsible for it. It is admitted in the argument of the learned counsel for the appellant "that, if the testimony of the plaintiff's witnesses is believed, he [the defendant] did assume the responsibility." The question of

liability, herefore, was one of fact and was we think properly disposed of by the learned trial judge.

The first and second assignments of error relate to offers of proof by the defendant. Neither one of them contains an offer of evidence apparent on its face to be relevant or material. Presumably it was the intention to contradict Mrs. Lieberman, a witness for the plaintiff, by impeaching testimony, but this purpose does not appear in the offer. There is nothing on the face of the offer to show the defendant was prejudiced or that the evidence proposed to be introduced was material or competent. Moreover, it does not appear that the attention of Mrs. Lieberman was called to contradictory statements, and it rests in the sound discretion of the judge to admit or refuse such proof where the attention of the witnesses to be discredited has not been called to the conversation proposed to be introduced: Marshall v. Carr, 275 Pa. 86.

The assignments are overruled and the judgment affirmed.