## Commonwealth *v.* Fink, Appellant.

*Criminal law—Robbery—Identity of defendant—Evidence—Sufficiency—Alibi—Charge of court.*

In the trial of an indictment for robbery, it appeared that the person robbed was the only witness to the crime. At the trial she testified that she believed defendant to be the man who committed the robbery and that he looked like the man, but that she had some doubt about his identity. There was evidence that defendant remained silent when first identified as the man who committed

the robbery.  In such case the question of identity was for the jury and a verdict of guilty will be sustained.

Where in such a prosecution the defense is an alibi, it is not error for the court to comment on defendant's failure to call witnesses to corroborate his testimony that he was working in a store, some distance from the scene of the crime, at the time the robbery was committed.

Argued December 12, 1927.  Appeal No. 149, October T., 1927, by defendant from judgment of O. & T., Philadelphia County, November T., 1926, Nos. 1664 and 1667, in the case of Commonwealth of Pennsylvania v. Harry Fink.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for robbery.  Before GORDON, JR., J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.  Defendant appealed.

*Errors assigned,* among others, was the refusal of defendant's motion for new trial and the charge of the court.

*Abraham Blieden,* for appellant.

*Charles Edwin Fox,* District Attorney, and with him *Eugene V. Alessandroni* and *Franklin E. Barr,* Ass't. District Attorneys, for appellee.

OPINION BY LINN, J., March 2, 1928:

Betty Eisen was held up and robbed of a pay-roll while ascending stairs leading from the second to the third floors of a Philadelphia building in which she was employed.  The thief suddenly appeared, aimed a revolver at her and said "Give me the money or I will shoot you"; he took her portfolio containing the

money, placed her against the wall with her back toward him, put a gag into her mouth and left her bound hand and foot. There was no other eye-witness.

Appellant has been convicted of the offense and complains here that the evidence identifying him as the thief was not sufficient to go to the jury. In response to a question "Who was the man who did that?" she answered "I believe it to be Mr. Fink," the appellant. She was asked "Did you see the man again who held you up?" and replied "I saw the man again in Norristown." Nearly three weeks after the robbery she was taken to Norristown to see whether she could identify the appellant who was held there as the thief. She stated that when she saw him at Norristown he wore a navy blue overcoat "which looked the same" as the one he wore at the time of the robbery (Wigmore Evidence, Vol. 1, Sec. 149, etc., and Sec. 413). She also said that before she identified him positively she wished to see him wear glasses. She saw him again in custody in Philadelphia, wearing glasses, and "still insisted he looked just like the man." In cross examination she said: "In my opinion he resembled the man; as I recalled the face of the man who held me up and his face, they did compare; his build did compare; but, nevertheless there was a little doubt in my mind that perhaps he was not the man, and it would be a terrible thing to see an innocent man in jail, and I would not, of course, say positively he was the man. Q. You can't positively say he is the man now, can you? A. I have just one little doubt, and I put that in favor of Mr. Fink."

One of the officers who took her to see appellant at Norristown testified that the appellant said nothing in response to her identification of him as the man who robbed her, and when appellant testified, he did not deny that he had remained silent then: see Com. v. Aston, 227 Pa. 112. While not all the evidence on

identity has been quoted, enough has been given to show the basis of appellant's argument. This evidence has much greater probative value than the evidence of the identification of the appellant held sufficient to go to the jury in Com. v. Ronello, 251 Pa. 329, 336, relied on by appellant.

The assignments charging error in the instructions on reasonable doubt are also overruled. The court was asked to charge: "2. If you believe Miss Eisen has a doubt, no matter how slight it may be, the doubt must be resolved in his favor and the verdict must be not guilty." "3. Every possible element of doubt must be avoided and the chain of circumstantial evidence must be so strong as to leave out of your minds ...... anything but that of guilt." The objection does not merit discussion; it is sufficient to say that both requests are based on a misconception of the doctrine of reasonable doubt: See Com. v. Drum, 58 Pa. 9, 22; Com. v. Disalvo, 275 Pa. 70.

The defense was an alibi; appellant testified that at the time of the robbery he was in his store in Norristown, in which "he was supposed to go as a partner and as a salesman," as he described it. When read with the charge, the extract calling attention to appellant's omission to produce corroborative evidence that he was in his store at the time of the robbery is not objectionable: Wigmore, Evidence, Vol. 1, Sec. 286; 10 R. C. L. 884. Nor do we understand, or believe that the jury understood, that the charge was generally prejudicial to appellant. The emphasis of his argument is on the reservation made by Miss Eisen in her testimony identifying appellant as the thief, but the argument merely confuses the doubt described by the witness with the doctrine of reasonable doubt.

The judgment is affirmed and it is ordered that the

appellant, Harry Fink, appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.