## Giles, Appellant, *v.* Valentic.

Argued October 3, 1946. Before Maxey, C. J., Linn, Stern, Patterson, Stearne and Jones, JJ.

*J. Thomas Hoffman,* with him *Jacob G. Crookston,* for appellant.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE JONES, November 8, 1946:

Two automobiles, the one owned and driven by Giles, the appellant, and the other by Valentic, the appellee, collided at an early morning hour in the intersection of Center and Morewood Avenues in the City of Pittsburgh. Each party, alleging that the other's negligence was responsible for the collision, brought suit against the other for the damage done him. Both cases were tried together and were so submitted to the jury which returned a verdict in each case for the respective defendant. Giles moved for a new trial of the suit wherein he is plaintiff. The court below refused the motion and, from the judgment entered on the verdict in that case, Giles appeals. Because of the limited scope of the appellant's specific assignments of error, we need not relate the circumstances attending the accident.

In support of the basic assignment, which goes generally to the refusal of a new trial and the entry of judgment, the appellant assigns for error (1) the trial court's rejection of his offer of a portion of the cross-plaintiff's (Valentic's) statement of claim for the purpose of contradicting and discrediting the latter and (2) the trial court's refusal of Giles' motion, as defendant in the cross suit, to strike out certain testimony in the cross-plaintiff's case as constituting a variance between the allegata and the probata. No complaint is made of the learned trial judge's charge. As both cases were unquestionably

for the jury under the facts, we have for consideration only the alleged trial error in the two particulars above-mentioned.

Valentic and two of his witnesses testified at trial to facts from which the jury might have inferred that someone other than Giles was the driver of the latter's car at the time of the accident although, in Valentic's statement of claim as cross-plaintiff, he had averred, inter alia, that the Giles car "was being operated" by the defendant (Giles) at the time specified. However, neither in his cross-examination of Valentic nor elsewhere did counsel for Giles make any reference to Valentic's seeming self-contradiction until the taking of testimony had been concluded. Counsel for Giles then offered as evidence the above-mentioned portion of the cross-plaintiff's statement of claim ostensibly for the purpose of impeaching Valentic. The offer was rejected upon objection that the matter was not proper rebuttal. Thereupon counsel for Giles moved "that all the evidence as to anybody else driving this [Giles'] car be stricken from the record as at variance with the pleadings". That motion was refused and an exception noted. We do not see how the learned trial judge can be held to have erred in either instance.

Justification of the court's rejection of the supposedly refuting averment may well be rested, in the premises, upon a permissible exercise of discretion by the trial judge. The appellant had lain no groundwork for the impeachment of Valentic by confronting him with the allegedly contradictory pleading when he was on the witness stand. While that procedure was not an absolute requisite, whether it should have been followed lay in the sound discretion of the trial judge: *Commonwealth v. Powell,* 303 Pa. 104, 106, 154 A. 287; *Commonwealth v. Dilsworth,* 289 Pa. 498, 503, 137 A. 683; *Marshall v. Carr,* 275 Pa. 86, 88-89, 118 A. 621; *Caffery v. Philadelphia & Reading Railway Company,* 261

Pa. 251, 256, 104 A. 569; *Rabinowitz v. Silverman,* 223 Pa. 139, 144, 72 A. 378; *Cronkrite v. Trexler,* 187 Pa. 100, 107, 41 A. 22. Since the action taken by the court below was, in the circumstances, within its discretion, it is not reviewable save for an abuse of discretion and, that, the appellant could not well charge. Moreover, the trial court's ruling did the appellant no substantial harm. To have impeached Valentic would not have discredited his two witnesses whose testimony supporting an inference that someone other than Giles was the driver of his car at the time of the accident was in the record. However, as there was no direct affirmative proof of that fact, the learned trial judge ignored it and submitted the cases to the jury *on the theory that Giles was the driver of his car,* to which neither party took any exception. Thus, the court itself more effectively confirmed Giles' testimony in such regard than the proposed refutation of Valentic, if permitted, could possibly have done.

The appellant's other assignment is equally without merit. The motion to strike out was made in respect of testimony adduced under the pleadings in Valentic's suit. There, the jury's verdict was for Giles, the defendant. As the successful party in that suit, he cannot now be heard to complain that the trial court's rulings therein were harmful to him. Nor is Giles' consequent circumstance any different, as he suggested at bar that it was, because the trials of the two suits were commingled. The procedural situation is that the Valentic suit, which Giles won, is not before us. No appeal was taken from the judgment there entered. Obviously, an alleged error in an unappealed suit cannot be assigned, upon the review of the trial of an independent action, as a basis for reversible error.

The cases were fully and fairly tried and were submitted to the jury in an exhaustive and scrupulously impartial charge. We can see no reason, therefore, to

disagree with the conclusion of the court en banc that "The verdicts should not be disturbed." Accordingly, all assignments of error are overruled.

Judgment affirmed.

Mr. Justice Drew did not participate in the hearing or disposition of this appeal.