Commonwealth *v.* Rothman, Appellant.

Argued November 16, 1950. Before Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ. (Rhodes, P. J., absent).

*Thomas D. McBride*, with him *Michael von Moschzisker*, for appellant.

*Robert L. Kunzig*, Deputy Attorney General, with him *Charles J. Margiotti*, Attorney General, for appellee.

Opinion by Arnold, J., January 12, 1951:

The defendant was an officer of the Commonwealth, to wit, a member of the State Board of Pharmacy. A jury found him guilty of receiving certain bribes given to influence him in examinations for registration of pharmacists; of corruptly facilitating the passing of examinations by three named individuals; and of conspiracy to bring about a false examination by extortion and bribery. David C. Gross was tried at the same time for kindred offenses and was convicted, but brings no appeal.

The jury's verdict established that four particular men took and passed the State Board of Pharmacy examination in the years 1945 through 1948. Three of them testified that under varying circumstances they paid $1,500 to pass. DeMarco paid Gross directly. Segal

and Reider did not see Gross but paid Sabatino, who paid Gross in those two cases. One Sluko (not called as a witness) paid Gross directly, and Gross paid Rothman, the present appellant, $1,000 for Sluko. DeMarco, Reider and Segal testified that they got help from Rothman during the examination.

We have reviewed the testimony but briefly. We are convinced that this is not a case where this Court should grant a new trial on the ground that the verdicts were against the weight of the evidence. There was, however, plain and patent error committed against the defendant at the trial, the prejudicial effect of which cannot be doubted.

Reider testified for the Commonwealth that while taking the pharmacy examinations Rothman, then the acting president of the board, came to his desk and slipped into his papers the answers to some of the questions. On cross-examination counsel for the defendant proposed to ask Reider "whether or not during the [noon] recess . . . in the corridor [he had] made the statement that the members of the Board are lying, and that the truth of the matter is that while he [the witness] was talking to the defendant Rothman during the examination, it was really Mr. Costenbader [member of the Pharmacy Board] who slipped the questions onto his, Reider's, desk." The court sustained Commonwealth's objection thereto.

Since Reider had testified that the defendant had given him the answers during the course of the examination, it needs no argument to demonstrate that with this positive, direct testimony incriminating Rothman, the defendant had a right to contradict the witness by showing that he had stated that that element of the crime had been committed by someone else. This cross-examination went directly to the credibility of the witness, Reider, and the defendant's right thus to cross-examine and impeach the witness was not dependent

upon the discretion of the court. It was a right of the defendant which could not be denied. Here the matter was *directly* connected with the guilt of the defendant. We have never before heard of such right being denied a party to an action, either civil or criminal, nor that there was a discretion in the court to allow or disallow any such cross-examination. It is only where the cross-examination relates to contradiction on a collateral issue that there is a discretion in the trial judge. Probably because the matter is so well understood, there are few cases to be found in the books, the principal one being *Commonwealth v. Disalvo,* 275 Pa. 70, 75, 118 A. 559, which held that it was not error to permit the Commonwealth to show that witnesses of the defendant had made statements contrary to their testimony. See also *Commonwealth v. Varano,* 258 Pa. 442, 102 A. 131, and cf. *Herr v. Erb,* 163 Pa. Superior Ct. 430, 62 A. 2d 75. In such impeachment a proper foundation or predicate should be laid as to the making of the contradictory statement, by the asking of some question which will give the witness an opportunity to explain or deny the contradictory statement.[1]

---

[1] Formerly where it was intended to impeach the credibility of a witness by the proof of verbal statements contrary to his present testimony, the rule was imperative that the witness must first be asked as to the subject matter, the place and person involved in the proposed contradiction; otherwise no proof of such statements would be admitted. Later this rule was so far modified as to leave its enforcement to the sound discretion of the court, which discretion was subject to review. But the rule itself remains unshaken, and whatever may be said against it, there is certainly no just ground for complaint because it has been observed: *Commonwealth v. Cowan,* 4 Pa. Superior Ct. 579. See also *Commonwealth v. Dilsworth,* 289 Pa. 498, 137 A. 683; *Cronkrite v. Trexler,* 187 Pa. 100, 107, 41 A. 22; and *Giles v. Valentic,* 355 Pa. 108, 49 A. 2d 384. Discretionary modification of the alleged rule was in *aid* of cross-examination and *not* in hindrance thereof.

Several of the Commonwealth's attempted justifications of the denial of this right of cross-examination are expressly repudiated by Judge BOK, the trial judge, who, with the candor for which he is well known, states (1) that his ruling was not made because of any theory that the witness had been *recalled* for cross-examination (such recall being discretionary with the court), and (2) that he had ruled that counsel for the defendant would not be permitted to call witnesses in substantiation of the alleged "corridor" conversation, and that counsel for defendant was not at fault in failing to call such witnesses. The court below gives as its reason "that it would have been unnecessary and dangerous, under the temper of the trial and of the suggested conversation in the corridor, to implicate another member of the State Pharmacy Board." The cross-examination could hardly have been without sincerity of purpose, or an attempt to "smear," since it brought out an accusation of criminality against another member of the Board who was one of defendant's witnesses and an avowed friend. The court further observed that there were two factions of the pharmacy profession at loggerheads; that there was a bitter feeling behind the case, including anti-semitic prejudice; and that the court room audience was openly sympathetic to the defendants and had to be cautioned. The cure for unseemly conduct among the spectators was the clearing of the court room, and not the denial of the cross-examination by defendant's counsel.

We sympathize with the court's attitude in not wanting to have bandied about the names of other people not charged with crime, but at the same time we cannot close our eyes to the fact that this defendant was charged with serious offenses, and therefore the fact that one might prefer that other names be not brought into the trial cannot avail as a reason for de-

priving the defendant of that which was his undoubted right.

Judgment of sentence reversed and a new trial ordered.

DITHRICH and GUNTHER, JJ. dissent.