Commonwealth *v.* Pride, Appellant.

Argued November 17, 1972. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Edward K. Nichols, Jr.,* for appellant.

*Linda W. Conley,* with her *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 16, 1973:

This is an appeal from the judgment of sentence imposed upon Richard Allen Pride following his conviction of voluntary manslaughter in a nonjury trial.

The prosecution emanated from the fatal shooting of one Leroy Smith. That Pride shot Smith is not disputed, but it is argued the record is insufficient as a matter of law to sustain the conviction, because the trial testimony established the shooting was in self-defense.

It is true the Commonwealth has the burden of proving a felonious homicide beyond a reasonable doubt before the accused may be convicted of even voluntary manslaughter, and if the Commonwealth's own evidence establishes the killing was either justifiable or excusable it has failed in this burden. *Commonwealth v. Vassar*, 370 Pa. 551, 88 A. 2d 725 (1952); and, *Commonwealth v. Flax*, 331 Pa. 145, 200 A. 632 (1938). However, the record must be read in a light most favorable to the Commonwealth (*Commonwealth v. Wrona*, 442 Pa. 201, 275 A. 2d 78 (1971)), and when the instant record is so read, we have no difficulty in concluding the Commonwealth's evidence did not establish a killing in self-defense.

In order for a killing to be excusable on the ground of self-defense, the slayer must, inter alia, reasonably believe he is in imminent danger of death, great bodily harm or some felony, *and* that there is a necessity to kill in order to save himself therefrom. *Commonwealth v. Johnston*, 438 Pa. 485, 263 A. 2d 376 (1970). If such a belief exists, but is not reasonable, the killing is manslaughter and is not excusable. *Commonwealth v. Miller*, 313 Pa. 567, 170 A. 128 (1934).

As part of the Commonwealth's case, an extrajudicial statement signed by Pride (the admissibility of this statement was not challenged in the trial court, nor is it questioned here) was admitted in evidence wherein he described the occurrence in the following manner.

About 8 p.m., on April 28, 1971, the decedent, Leroy Smith, was a customer in a bar in Philadelphia

where Pride was working as a bartender. Smith began cursing Pride, knocked over a bottle of beer and ordered another. As Pride was opening the second bottle of beer, a beer bottle hit the floor behind him. Pride picked it up, placed it in a case under the bar and proceeded to wait on another customer. A second bottle then hit the floor. Pride placed the second bottle in the case and as he stood up, he saw Smith "throwing something at me." Pride immediately seized a gun from underneath the bar and fired. As he did a glass hit him "in the stomach."[1]

The above evidence did not establish as a matter of law that Pride reasonably believed it was necessary to kill Smith in order to save himself from death or great bodily harm. Assuming Pride's trial testimony, which differed in some particulars from his pretrial statement, was adequate to establish such a reasonable belief existed, under the circumstances the issue was one of fact and the trier of facts could properly conclude, as he did, that such a reasonable belief did not exist. We also note that during his trial testimony, Pride admitted he knew Smith for a year previously as a customer in the bar; that Smith never caused trouble before; and that he never saw or knew Smith to carry a dangerous weapon. Giving the Commonwealth the benefit of every reasonable inference arising from the evidence, it cannot be said the trial court committed an error of law in entering an adjudication of guilty of voluntary manslaughter.

Finally, it is urged Pride was denied his right to effective trial counsel, because counsel stipulated to the testimony of the only disinterested eyewitness and thus deprived Pride of his constitutional right to confront

---

[1] Other testimony established Smith suffered two bullet wounds in the head, each of which penetrated the brain and death resulted.

and cross-examine this witness. As to this the record discloses the following.

The only other person in the bar at the time involved was an Alfreda Taylor. Prior to trial, she gave a statement to the police which was recorded. She was subpoenaed to testify at trial by the Commonwealth, but did not appear. Defense counsel then agreed her pretrial statement could be made part of the record. In relevant part it stated as follows: "I walked into the bar between 8:30 and 8:45 and I ordered a beer. This guy was at the back part of the bar, and he came toward the front, and he just started cursing and acting like somebody crazy. He came up and ordered a beer, and Chink served him and he started using profanity. I didn't pay much attention to kept on with the same noise and cursing, and he threw him. I was playing records. Chink told him to watch his mouth because there was a lady in the bar. He a bottle at Chink. I heard a shot and I looked around and saw Chink with the gun and he shot him again. I ran out of the door and I came back in when the cops come." This testimony fully corroborated Pride's pretrial statement, as well as his testimony at trial, as to the events leading up to the shooting, especially as to the provocative behavior of the deceased. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967), we defined our task on appeal if a criminal defendant contends he was denied effective trial counsel. As we explained in *Washington*, supra, "the main issue is whether the accused's rights have been adequately protected" and if we are able to conclude from the record "that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests", then the complaint of ineffective counsel fails. See also *Commonwealth ex rel.*

*Sprangle v. Maroney,* 423 Pa. 589, 225 A. 2d 236 (1967).

Instantly, when the witness, Alfreda Taylor, failed to answer the subpoena, Pride's counsel had the options of, asking that the trial be continued until she appeared; refusing to stipulate her testimony and thus leave the record barren in this respect; or agreeing, as he did, that her pretrial statement be made part of the record. In view of the nature of the statement, we have no hesitancy in concluding his chosen course had a reasonable basis designed to effectuate his client's interests.

Judgment affirmed.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.