Commonwealth *v.* Johnson, Appellant.

Submitted January 21, 1974. Before JONES, C.J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*D. M. Masciantonio,* for appellant.

*John H. Isom* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, October 16, 1974:

The appellant, William F. Johnson, was convicted in a nonjury trial of voluntary manslaughter and received a sentence of five to ten years imprisonment. Post-verdict motions were denied and this appeal followed.

The appellant raises only one issue in this appeal. He argues that the evidence was insufficient to sustain the verdict of voluntary manslaughter. The test for sufficiency of the evidence is "whether, accepting as

true all of the evidence, be it direct or circumstantial, and all reasonable inferences arising therefrom upon which, if believed, the trier of facts could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Malone,* 444 Pa. 397, 398, 281 A.2d 866, 867 (1971). *See also Commonwealth v. Pride,* 450 Pa. 557, 301 A.2d 582 (1973) ; *Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973). We have reviewed the record and conclude that the evidence was sufficient to sustain the voluntary manslaughter conviction.

The evidence supports the following facts. The appellant and several other men were sitting around a fire can in a junk yard talking and drinking. After several hours, the appellant left the group. Later that day, the appellant discovered that fifty-five dollars was missing from his pants pocket. He returned to the junk yard where he found the victim and two other men sitting around the fire can. The victim and one of the two men had been there earlier in the day with the appellant. The appellant accused the men of taking his money. He demanded, "You all might as well get it together and get my fifty-five dollars back, or hurt me, cause I'm gonna hurt you all." The men told the appellant that they had not taken his money. The appellant then picked up a piece of wood, commonly called a two by four, which was seven feet long, and began swingingly violently and rapidly at the men. The victim was hit in the head and knocked out of a chair. One of the other men, who saw the appellant strike the victim, immediately ran away, to avoid the appellant's swinging attack. The other man present, who did not run away immediately, then became the object of the appellant's attack until he also ran away. The victim died in the hospital several days later. The postmortem examination disclosed that more than one blow was

struck—at least one to the head and at least one to each side of the chest.

The appellant, who admitted striking the victim once, claimed that the blow was an accident. The trial court, however, did not believe the appellant. The trial court found that the appellant intended to hit the victim and the evidence supports that finding. The trial court properly concluded that the striking of the victim's head with a seven feet long two by four constituted the use of a deadly weapon on a vital part of the body and warranted a verdict of murder of the second degree. *See Commonwealth v. Ingram,* 440 Pa. 239, 270 A.2d 190 (1970); *Commonwealth v. Prenni,* 357 Pa. 572, 55 A.2d 532 (1947). The trial court, however, found voluntary manslaughter. We find no reason to grant relief.

Judgment affirmed.