369 A.2d 291

COMMONWEALTH of Pennsylvania

v.

Freddy McCUTCHEN, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Nov. 22, 1976.

Joseph R. Danella, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

In 1973, a jury found appellant guilty of first degree murder[1] and sodomy.[2]  On July 7, 1975, the Supreme Court reversed the judgment of sentence on the charge of murder and ordered a new trial.  Appellant contends

---

1.  The Penal Code, Act of June 24, 1939, P.L. 872, § 701; as amended;  18 P.S. § 4701;  superseded by the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1;  18 Pa.C.S. § 101 et seq.

2.  The Penal Code, supra, 18 P.S. § 4501.

that we must also reverse the judgment of sentence on the charge of sodomy. We agree.

Appellant was fifteen at the time of his arrest on June 8, 1972, in connection with the murder of Wilfredo Martinez. Police gave him *Miranda* warnings shortly after the arrest and then questioned him for several hours. After his first confession, the police brought appellant's mother to headquarters and informed her of her son's complicity in the murder. He did not consult with a parent or "interested" adult until that time.

Appellant was subsequently found guilty of both murder and sodomy. After denial of post-trial motions, the lower court sentenced appellant to a term of life imprisonment on the murder charge and to a consecutive term of 10 to 20 years on the sodomy charge.[3] Trial counsel filed an appeal from the judgment of sentence on the bill charging murder; he did not file an appeal from the judgment of sentence on the sodomy charge. On April 3, 1974, counsel withdrew; the court appointed new counsel who filed a brief and argued in the Supreme Court under the mistaken impression that both sentences were before the Court. However, on July 7, 1975, the Supreme Court reversed the judgment of sentence on the charge of murder, the only appeal before it. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975). The case was remanded for a new trial.

When counsel became aware of the trial counsel's inadvertence, he filed a petition for a new trial pursuant to the Post Conviction Hearing Act[4] in which he alleged that trial counsel was ineffective for failing to appeal the sodomy conviction. In its answer, the Commonwealth admitted the factual allegations, but argued that the only relief available was a direct appeal nunc pro tunc. On

3. On October 29, 1975, appellant was resentenced on the sodomy conviction, 10 to 20 years being in excess of the legal maximum of 10 years. 18 P.S. § 4501.

4. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq.; 19 P.S. ¶ 1180–1 et seq.

April 5, 1976, the hearing court granted an appeal nunc pro tunc, which is currently before this Court.

Although this Court has jurisdiction over appeals from the judgment of sentence in criminal cases except felonious homicide, 17 P.S. § 211.202(1),[5] the Supreme Court may exercise its jurisdiction over such appeals if raised concurrently with an appeal from judgment of sentence of murder. *Commonwealth v. London,* 461 Pa. 566, 337 A.2d 549 (1975).[6] Appellant confessed to both crimes; therefore, suppression of the confession and a reversal of one conviction would clearly require a reversal of the other. Analytically, the lower court could find no reasonable basis for counsel's failure to raise the challenge to the conviction for sodomy, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), so that failure to appeal that issue amounted to ineffective assistance of counsel and could not be construed as a knowing and intelligent waiver of the right to appeal. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Therefore, the appeal from the judgment of sentence is properly before us.

The Supreme Court's decision in *Commonwealth v. McCutchen,* supra, controls the result of the instant case. As noted above, the Supreme Court reversed the judgment of sentence of murder because the police improperly extorted a confession from appellant. The sodomy conviction rests on the same illegally obtained confession.

5. Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, art. II, § 202.

6. See, *Commonwealth v. London,* supra 461 Pa. at 570, n. 1, 337 A.2d at 551, n. 1: "Appellant's convictions of voluntary manslaughter and carrying a concealed deadly weapon have been appealed directly to this Court, although only the appeal on the homicide judgment is properly so taken. Act of July 31, 1970, P. L. 673, No. 223, Art. II, § 202(1), 17 P.S. § 211.202(1). However, since the Commonwealth has interposed no objection to the manner of appeal of the weapons conviction, and since both offenses arose from the same incident and factual background, this Court's power and competency to act is beyond question. Act of July 31, 1970 [supra]."

Accordingly, we must reverse the judgment of sentence of sodomy and order a new trial.

Judgment of sentence is reversed and a new trial is ordered.

PRICE, J., notes his dissent.