409 A.2d 903

**COMMONWEALTH of Pennsylvania**

v.

**Richard COHEN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Sept. 7, 1979.

Richard A. McDaniel, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

HONEYMAN, Judge:

Richard Cohen was tried by jury from March 15 to 18, 1977 and found guilty of murder in the third degree and possession of instrument of crime. Post trial motions were refused and on November 9, 1977 sentences totaling 7½ years to 20 years were imposed, from which judgments of sentence an appeal was taken.

On July 24, 1976 at 6:45 p. m. Elgren Green was shot and killed at 16th and Christian Street, Philadelphia, in front of a laundromat. William Bates, aged 14, on September 11, 1976, told police he was inside a store at the corner of the shooting, heard two shots, saw Green on the ground and saw a boy running west on Christian Street, whose attire was a black T shirt, blue wranglers and sneakers with red, white and blue strips on the heels. Bates further said that the boy looked a little like the appellant. On September 28, 1976, after his arrest for an unrelated homicide, Bates told the police he saw the appellant shoot Green twice. On October 1, 1976, appellant was arrested on a warrant based upon the September 28th statement by Bates. Sybra Wotton, an elderly lady, was buying vegetables from a huckster across the street from the situs of the shooting. She recognized the shooter as "Clarence's son" and at trial, identified the appellant as the shooter. The appellant's father's name is Clarence Cohen.

The first contention by the appellant in support of his appeal is that the trial judge erred in refusing to compel

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania are sitting by designation.

the prosecutor to provide appellant's counsel with prior statements of witnesses who were *not* called on behalf of the Commonwealth. There is no basis for appellant's position in this regard. The right to review statements of witnesses is limited to those who are called to testify by the Commonwealth. Herein, the uncalled witnesses were made available by the prosecutor to appellant and that is the extent of Commonwealth's obligation. See *Com. v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977) and *Com. v. Bellis*, 252 Pa.Super. 15, 380 A.2d 1258 (1977).

■ The next allegation of error by appellant concerns the identification testimony of Sybra Wotton. On November 26, 1976 motions to suppress and for a Bill of Particulars were filed by appellant, and in the latter, the identity of all eye witnesses was requested. A suppression hearing was held on January 21, 1977, at the conclusion of which the motion was refused. The potential identification testimony of Ms. Wotton first came to the attention of the police on March 7, 1977. The prosecutor first learned about her at the commencement of trial eight days later. Therefore, there was no dereliction on the part of the Commonwealth with respect to pre-trial motions. At the commencement of trial the prosecutor made a representation concerning this additional eye witness, but stated that there had been no out of court identification procedures pursued with respect to her. Appellant's counsel orally renewed his motion to suppress the identification testimony. Based upon the representation of the prosecutor, the trial judge denied such motion without prejudice to the right to renew it if it was determined that the prosecutor's representation had been inaccurate. The motion was never renewed. Furthermore, the witnesses established that there had been no pre-trial confrontation between Ms. Wotton and the appellant. Therefore, there would have been no basis to suppress her in court identification testimony because there would have been nothing to taint it. Consequently, we find no error in this regard. The

case of *Com. v. Williams*, 229 Pa.Super. 390, 323 A.2d 862 (1974), on which appellant relies, is clearly distinguishable.

Appellant next contends that it was error for the trial judge to refuse his counsel the right to cross examine William Bates after he had been called by the appellant as a witness. Although Bates had been on the list of Commonwealth witnesses, Commonwealth did not utilize him. As noted heretofore, Bates had given the police two statements which, in some respects, were in conflict. At the suppression hearing, Bates had been a witness. Appellant's counsel moved to be allowed to cross examine Bates as a hostile witness. However, he never established any basis for a plea of surprise. In such a situation, the alleged hostility must stem from testimony that is unexpected by the one who calls the witness. Bates' trial testimony was consistent with his testimony at the suppression hearing, wherein he contradicted the testimony of Ms. Wotton. The cases of *Com. v. London*, 461 Pa. 566, 337 A.2d 549 (1975) and *Com. v. Thomas*, 459 Pa. 371, 329 A.2d 277 (1974) set forth the criteria in this area. Therein, the Supreme Court of Pennsylvania said that first, the testimony must be contradictory to the witness' earlier statement; secondly, the witness' testimony must be unexpected by the calling party; thirdly, the testimony must be injurious to the calling party; and fourthly, the cross examination allowed must be limited only to the unexpected adverse statements. Obviously, appellant has failed to meet all of these criteria.

Finally, appellant asserts that the evidence was not sufficient to establish his identity as the one who murdered Elgren Green. There is no merit to this, the weight to be given Ms. Wotton's testimony, as well as her credibility, was within the jury's province. The jury had the benefit of not only her direct examination, but a searching cross examination by appellant's counsel. We must view the evidence in the light most favorable to the verdict winner. Doing so, we see no reason to disturb the verdict on this basis.

Judgments of sentence affirmed.