J-S21004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FREDDY MCCUTCHEN, | |
| Appellant | No. 3379 EDA 2014 |

Appeal from the PCRA Order October 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0701591-1971

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED APRIL 10, 2015**

Freddy McCutchen appeals from the order entered October 29, 2014, denying his serial post-conviction relief petition as untimely.  We affirm.

This case has been the subject of four prior published decisions.  In 1973, a jury initially found Appellant guilty of killing a six-year old boy after sodomizing the victim.  The facts of the brutal slaying are unnecessary to our disposition and are set forth in our Supreme Court's 1982 decision. ***Commonwealth v. McCutchen***, 454 A.2d 547 (Pa. 1982).

At the time of the crime, Appellant was fifteen.  His initial conviction for first-degree murder was reversed by the Pennsylvania Supreme Court because he had confessed to the crime without being afforded an opportunity to speak with his mother or another interested adult. ***Commonwealth v. McCutchen***, 343 A.2d 669 (Pa. 1975).  Concomitantly,

---

* Retired Senior Judge assigned to the Superior Court.

the Pennsylvania Superior Court reversed his sodomy conviction for the same reason. *Commonwealth v. McCutchen*, 369 A.2d 291 (Pa.Super. 1976).[1]

Thereafter, the Commonwealth retried Appellant for the murder and *nolle prossed* the sodomy count. A jury again convicted Appellant of first-degree murder on May 5, 1976. This Court reversed on the basis that two color slides of the six-year-old victim's body, which were shown to the jury, were too gruesome and inflammatory. *Commonwealth v. McCutchen*, 417 A.2d 1260 (Pa.Super. 1979). However, the Pennsylvania Supreme Court reversed that decision and remanded to the Superior Court for consideration of additional issues not addressed. *McCutchen*, 454 A.2d 547. This Court then affirmed. *Commonwealth v. McCutchen*, 488 A.2d 1165 (Pa.Super. 1984) (unpublished memorandum). The Supreme Court denied *allocatur* on April 10, 1985.

Appellant filed a post-conviction relief petition under the then-existing Post-Conviction Hearing Act on May 29, 1985. The court denied that petition and Appellant failed to appeal. Appellant subsequently filed post-conviction petitions under the Post-Conviction Relief Act ("PCRA") in 1989, 1990, and

---

[1] Trial counsel did not simultaneously appeal from the judgments of sentence for the sodomy and murder charges. Appellant's direct appeal rights for the sodomy charge were reinstated.

2005. The PCRA court denied those petitions.[2] Appellant filed the instant petition on July 13, 2012, and filed supplemental petitions on August 24, 2012 and October 7, 2013. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on September 22, 2014. Appellant filed a response, and the PCRA court entered its final order dismissing the petition on October 29, 2014. This timely appeal ensued.

Appellant raises eleven issues, only one of which is relevant to our disposition.[3] That issue is whether *Miller v. Alabama*, 132 S.Ct. 2455

_____

[2] This Court affirmed the dismissal of the 1990 PCRA matter. *Commonwealth v. McCutchen*, 599 A.2d 702 (Pa.Super. 1991) (unpublished memorandum). Our Supreme Court denied allowance of appeal on September 15, 1992. *Commonwealth v. McCutchen*, 614 A.2d 1140 (Pa. 1991).

[3] The issues Appellant levels in his brief are set forth as follows:

A. Whether the unconstitutionality of 18 P[.]S. § 4701 creates an permissible presumption holding prosecution under a charge of murder of the first degree dated October 1972 and reprosecution date April-May 1976 i[n]valid and in violation of the double jeopardy clauses?

B. Whether the repeal of the Act of June 24, 1939 P.L. 872, § 701 as amended 18 P.S. § 4701 and the inferences therein creates an impermissible mandatory presumption holding prosecution at Com v. McCutchen July term 1971 No. 159-murder barred?

C. Whether the enumerated felonies at 18 P.S. § 4701 that constituted murder of the first degree which were re-enacted at Act of December 6, 1972 P.L.___ No. 334, § 1 effective June 6, 1973 (notwithstanding deviate sexual intercourse by force or by threat of force) where by amendment March 26, 1974 P.L. 213, No. 46, § 1 the provisions of

*(Footnote Continued Next Page)*

- 3 -

(Footnote Continued) —————

first degree murder were split to create provisions at 18 Pa.C.S.A. § 2502(b) a new felony-murder rule repealed the prior provisions at 18 C.P.S.A. [sic] § 2502(a) and therefore were inapplicable at the 1976 reprosecution?

D. Whether the retrial held on a first degree murder charge where the related conviction for sodomy had not been reversed, vacated nor set aside require the reversal and dismissal of the murder conviction on double jeopardy grounds?

E. Whether the Crimes Code and caselaw under 18 P.S. § 4701 and 18 Pa.C.S.A. § 2502(b) create an impermissible mandatory presumption that in a felony-murder prosecution where a defendant is convicted of first degree murder, that the trial jury determined that the defendant had a specific intent to kill?

F. Whether the failure of Judge James T. McDermott at Com v. McCutchen July term 1971 No. 159-murder, 160-sodomy to recusal [sic] himself at an appeal filed by the Commonwealth dated 1982 require the dismissal of the prosecution on former jeopardy?

G. Whether the State Supreme Court[']s action of relinquishing jurisdiction of the direct appeal filed 1977 (relinquished to a special panel of the Superior Court) bar the State Supreme Court from vacating a reversal and new trial order based on an presumption of vindictiveness by the Court, and based on the Commonwealth[']s procedural default where the Commonwealth failed to seek rehearing in the PA Superior Court?

H. Whether Com v. McCutchen[,] 463 Pa[.] 90, 343 A.2d 669 (1975) bar a reprosecution and reconviction on former jeopardy grounds where the 15 year old Appellant and the case should have been transfered [sic] back to the juvenile court[,] the court of first instance?

(Footnote Continued Next Page)

(2012), and its companion case of ***Jackson v. Hobbs***, 132 S.Ct. 2455

(2012), announced a new constitutional rule that applies retroactively.

Whether ***Miller*** applies retroactively implicates the timeliness of Appellant's

petition and, thus, our jurisdiction. ***Commonwealth v. Taylor***, 67 A.3d

1245, 1248 (Pa. 2013) (time-bar is jurisdictional).

*(Footnote Continued)*

    I. Whether the second prosecution at Com v. McCutchen July term 1971 No. 159-murder dated April-May 1976 was barred where the Commonwealth proceed[ed] to trial on bill of indictment no. 159-murder obtained under the Act of June 24, 1939[,] P.L. - - - - No. 334, § 1 effective June 6, 1973?

    J. Whether Jackson v. Hobbs No. 10-9647 (2012) U.S. Supreme Court where the Petitioner was on collateral review announced a new constitutional rule of criminal procedure at Miller v. Alabama No. 10-9646 (2012) U.S. Supreme Court?

    K. Whether the failure of court appointed attorney's (prior to, during, and on both direct appeals following both trials held 1972 and 1976) to challenge alleged indictments 159-murder and 160-sodomy, and second attorney['] s failure to challenge 9b) second prosecution for first degree murder in violation of State Supreme Court['] s 1975 reversal, and (c) where related sodomy conviction had not been reversed, vacated and set aside prior to second trial, (d) and both attorney's failure to seek the Appellant's discharge under the constitutionality of 18 P.S. § 4701 following [C]om v. [B[radely[,] 449 P[a.] 19, 295 A.2d 842 (1972) and the repeal of the Act of June 24, 1939 P.L. 872, § 701 as amended 18 P.S. § 4701 prior to both trials and on both direct appeals, violated the Appellant's guaranteed right to effective assistance of counsel as of right on direct appeal?

Appellant's brief at 8-9.

In order for a collateral petition to be timely under the PCRA, it must be filed within one year of the finality of the petitioner's judgment of sentence. 42 Pa.C.S. § 9545(b)(1). Where a defendant was convicted before the effective date of the 1995 PCRA time-bar amendment, a petitioner could timely file a petition if it was his first and was filed by January 16, 1997. **Commonwealth v. Sneed**, 45 A.3d 1096, 1102 n.5 (Pa. 2012); **Commonwealth v. Thomas**, 718 A.2d 326 (Pa.Super. 1998) (*en banc*). Here, Appellant could only file a timely petition by asserting one of three timeliness exceptions. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any claim arguing an exception to the time-bar must be filed within sixty days of the date it could have been first presented. 42 Pa.C.S. § 9545(b)(2).

Appellant's claim implicates the new constitutional rule exception. Our Supreme Court, however, has ruled that **Miller** and its companion case **Jackson** do not apply retroactively. **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). Accordingly, Appellant's position fails. As none of Appellant's remaining arguments pertains to a timeliness exception, he has failed to demonstrate a timeliness exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015