J-S59040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDDY MCCUTCHEN | : | |
| | : | |
| Appellant | : | No. 342 EDA 2018 |

Appeal from the PCRA Order January 8, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0701591-1971

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED OCTOBER 16, 2018**

Freddy McCutchen appeals *pro se* from the order filed January 8, 2018, in the Court of Common Pleas of Philadelphia County, dismissing as untimely his serial petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. McCutchen seeks relief from the judgment of sentence of life imprisonment, imposed on his jury conviction of murder of the first degree. McCutchen claims (1) the PCRA court erred in dismissing his PCRA petition as untimely, (2) the PCRA court erred in not applying **Williams v. Pennsylvania**, 136 S. Ct. 1899 (2016), (3) the PCRA court erred in dismissing his PCRA petition and not ruling on appointed counsel's motion to withdraw, and (4) trial counsel was ineffective in failing to move for recusal of Justice James T. McDermott in McCutchen's appeal before the Pennsylvania Supreme Court where Justice McDermott was the original trial judge. Based upon the following, we affirm.

In McCutchen's prior PCRA appeal, this Court discussed the history of this case:

> This case has been the subject of four prior published decisions. In 1973, a jury initially found [McCutchen] guilty of killing a six-year old boy after sodomizing the victim. The facts of the brutal slaying are unnecessary to our disposition and are set forth in our Supreme Court's 1982 decision. ***Commonwealth v. McCutchen***, 499 Pa. 597, 454 A.2d 547 (Pa. 1982).
>
> At the time of the crime, [McCutchen] was fifteen. His initial conviction for first-degree murder was reversed by the Pennsylvania Supreme Court because he had confessed to the crime without being afforded an opportunity to speak with his mother or another interested adult. ***Commonwealth v. McCutchen***, 463 Pa. 90, 343 A.2d 669 (Pa. 1975). Concomitantly, the Pennsylvania Superior Court reversed his sodomy conviction for the same reason. ***Commonwealth v. McCutchen***, 245 Pa. Super. 56, 369 A.2d 291 (Pa. Super. 1976).
>
> Thereafter, the Commonwealth retried [McCutchen] for the murder and *nolle prossed* the sodomy count. A jury again convicted [McCutchen] of first degree murder on May 5, 1976. This Court reversed on the basis that two color slides of the six-year-old victim's body, which were shown to the jury, were too gruesome and inflammatory. ***Commonwealth v. McCutchen***, 274 Pa. Super. 96, 417 A.2d 1270 (Pa. Super. 1979). However, the Pennsylvania Supreme Court reversed that decision and remanded to the Superior Court for consideration of additional issues not addressed. ***McCutchen***, 499 Pa. 597, 454 A.2d 547 (1982). This Court then affirmed. ***Commonwealth v. McCutchen***, 339 Pa. Super. 618, 488 A.2d 1165 (Pa. Super. 1984) (unpublished memorandum). The Supreme Court denied *allocatur* on April 10, 1985.
>
> [McCutchen] filed a post-conviction relief petition under the then-existing Post-Conviction Hearing Act on May 29, 1985. The court denied that petition and Appellant failed to appeal. Appellant subsequently filed post-conviction petitions under the Post-

Conviction Relief Act ("PCRA") in 1989, 1990, and 2005. The PCRA court denied those petitions.[2]

> [2] This Court affirmed the dismissal of the 1990 PCRA matter. **Commonwealth v. McCutchen**, 414 Pa. Super. 670, 599 A.2d 702 (Pa. Super. 1991) (unpublished memorandum). Our Supreme Court denied allowance of appeal on September 15, 1992. **Commonwealth v. McCutchen**, 614 A.2d 1140 (Pa. 1991).

> [McCutchen] filed the instant petition on July 13, 2012, and filed supplemental petitions on August 24, 2012 and October 7, 2013. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on September 22, 2014. Appellant filed a response, and the PCRA court entered its final order dismissing the petition on October 29, 2014. This timely appeal ensued.

**Commonwealth v. McCutchen**, 121 A.3d 1126 (Pa. Super. Ct. 2015). This Court affirmed the PCRA court's October 29, 2014, denial of relief, **id.**, and McCutchen did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On June 22, 2016, McCutchen filed a *pro se* "Motion in Support of Relief," claiming he is entitled to relief under **Williams v. Pennsylvania**, 136 S.Ct. 1899 (2016).[1]   McCutchen argues that, pursuant to **Williams**, Justice

---

[1] In **Williams**,  the United States Supreme Court held: (1) Under the Due Process Clause, there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding a defendant's case, (2) Chief Justice Castille, who as district attorney authorized the prosecutor to seek the death penalty, had significant, personal involvement in the case, and  (3) The justice's unconstitutional failure

McDermott, who was the trial judge in his first jury trial, should have recused himself from McCutchen's appeal before the Supreme Court, which vacated the 1979 Superior Court order granting McCutchen a new trial. On July 13, 2017, the PCRA court appointed counsel to represent McCutchen and, on October 11, 2017, appointed counsel filed a **Turner/Finley** no-merit letter[2] and a motion to withdraw as counsel. Thereafter, on December 8, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition. On December 18, 2017, McCutchen filed a *pro se* response to the Rule 907 notice.

On January 8, 2018, the PCRA court entered a final order of dismissal of McCutchen's petition. McCutchen filed a *pro se* appeal on January 17, 2018, and, on February 12, 2018, filed a timely, *pro se* Pa.R.A.P. 1925(b) statement in response to the January 30, 2018 order of the PCRA court. The PCRA court granted appointed counsel's motion to withdraw as counsel on February 27, 2018.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its

_____

to recuse was not amenable to harmless error review even if his vote was not dispositive.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

conclusions of law are free from legal error." ***Commonwealth v. Cox***, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

The first issue presented in this appeal concerns the timeliness of McCutchen's present PCRA petition.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). As a panel of this Court explained in McCutchen's prior PCRA appeal, "Where a defendant was convicted before the effective date of the 1995 PCRA time-bar amendment, a petitioner could timely file a petition if it was his first and was filed by January 16, 1997." ***Commonwealth v. McCutchen***, 121 A.3d 1126 [2015 Pa. Super. Unpub. LEXIS 836] (Pa. Super. 2015) (unpublished memorandum, at *6) (citations omitted). Thus, McCutchen's present petition is time-barred and can only be reviewed if one of the PCRA's three timeliness exceptions applies. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, a petition raising a statutory exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, McCutchen claims his petition based upon ***Williams, supra***, satisfies the newly discovered facts exception to the PCRA's one-year time bar. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is

predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). We disagree.[3]

It is well settled that "subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011). ***See also Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013) (rejecting "the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)"). Therefore, McCutchen's petition fails to satisfy the newly discovered facts exception to the PCRA time bar.

Moreover, McCutchen's claim does not satisfy the new retroactive constitutional right exception. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii) (requiring a PCRA petitioner to plead and prove a new constitutional right that has been recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania and held by that court to apply retroactively). McCutchen has not established that ***Williams*** announced a new constitutional right held to apply retroactively. Accordingly, as McCutchen has failed to prove a statutory

---

[3] We recognize McCuthchen's petition meets the 60-day requirement, as he filed the present petition on June 22, 2016, 13 days after the June 9, 2016 decision in ***Williams, supra***.

- 6 -

exception to the PCRA's time limitation, no court has jurisdiction to review the claims raised in the PCRA petition.[4]

Finally, we address McCutchen's procedural claim that the PCRA court erred in dismissing court appointed counsel subsequent to the dismissal of his PCRA petition.

"When, in the exercise of his professional judgment, counsel determines that the issues raised under the [PCRA] are meritless, and when the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed *pro se*, or by privately retained counsel, or not at all." ***Commonwealth v. Turner***, 544 A.2d 927, 928-29 (Pa. 1988).

Here, on October 11, 2017, appointed counsel filed a no-merit letter regarding McCutchen's PCRA petition based upon ***Williams, supra***, and also filed a motion to withdraw as counsel. The PCRA court agreed with PCRA counsel's no-merit letter, and issued Rule 907 notice of intent to dismiss the petition. Although the PCRA court did not grant the motion to withdraw, McCutchen acted *pro se* following the PCRA court's Rule 907 notice. McCutchen filed a timely *pro se* response to the Rule 907 notice. Thereafter,

_____

[4] Because McCutchen's petition is untimely and no statutory exception applies, we do not reach the arguments that the PCRA court erred in failing to apply ***Williams, supra***, and that trial counsel was ineffective in failing to file a motion for recusal of Justice McDermott.

when the PCRA judge dismissed the petition, McCutchen filed a timely, *pro se* appeal with this Court, and filed a timely, *pro se* Pa.R.A.P. 1925(b) statement in response to the order of the PCRA court. The PCRA court formally granted appointed counsel's motion to withdraw after McCutchen filed his concise statement.

Here, McCutchen has not demonstrated any prejudice as a result of the PCRA court's action. Therefore, we conclude McCutchen's claim warrants no relief.

Accordingly, we affirm the PCRA court's order dismissing McCutchen's serial PCRA petition as untimely.

Order affirmed.

Judge Lazarus joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/18