J-S26005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :              PENNSYLVANIA
                             :
                v.               :
                             :
                             :
ACHELE HINDS                 :
                             :
           Appellant      :      No. 1602 EDA 2022

Appeal from the Judgment of Sentence Entered May 19, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005826-2019

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:           **FILED FEBRUARY 08, 2024**

Appellant, Achele Hinds, appeals from her sentence of two years' probation for aggravated assault, simple assault and possession of an instrument of crime ("PIC").[1] We affirm Appellant's judgments of sentence for aggravated assault and PIC. We affirm Appellant's conviction for simple assault, but we vacate the judgment of sentence because it merged with her conviction for aggravated assault for sentencing purposes.

On June 29, 2019, the victim, Tara Jenkins, who was pregnant, was at the home that she rented from Appellant. The home had a basement and an attached garage. At around 2:30 p.m., Jenkins investigated a noise and found Appellant's son, Damir, in the garage. Damir had entered the garage without permission and was attempting to use an ice machine that Appellant stored there.

---

[1] 18 Pa.C.S.A. §§ 2702, 2701 and 907, respectively.

Jenkins told Damir to leave, but he refused. She tried to shut the ice machine, but Damir pushed her. When she pushed him back, he swung a metal chain at her that was used to lock the ice machine. Jenkins called the police, but Damir grabbed her phone and threw it out of her reach. Jenkins fled the home and went to a corner store a few blocks away. N.T., 12/10/2021, at 18-26.

About twenty minutes later, Jenkins returned to the house and noticed two cars parked behind her garage. Appellant's sister, Michele, and Michele's son, Kalief, were sitting in one of the cars. Damir and Appellant were standing next to the other car. Jenkins asked where her phone was and walked to the driver's side of Michele's car, where the two began to argue. Kalief reached across Michele and punched Jenkins in the face, and Jenkins hit Michele in the face.

Appellant, who was standing behind Jenkins, removed a two-by-four from the backseat of her car and hit Jenkins on the back of her head and on her back. Appellant testified that the two-by-four was a wooden stick with a nail in it. When Jenkins turned around, and Appellant hit her in the face with the two-by-four, Jenkins fell backwards into the backseat of Appellant's car, and Appellant fell on top of her. Jenkins held Appellant by her hair so that Appellant's body would protect Jenkins' stomach. Michele began hitting Jenkins in the legs with the two-by-four. The police arrived, separated the women, and recovered the two-by-four. *Id.* at 26-32, 38-44, 104.

Jenkins went to the hospital. Her shirt was torn, and she had bruises and cuts all over her face, arms, and legs. There were also signs of recent trauma on her cervical spine, ankle, leg and chest. Doctors recommended that she wait five days before returning to work.

Appellant was charged with aggravated assault, graded as a second-degree felony, and related charges. During Appellant's non-jury trial on December 10, 2021, the parties stipulated that in 2013, Jenkins had been convicted of a crime involving dishonesty (*crimen falsi*). Following the close of the Commonwealth's case, defense counsel claimed that a previous assistant district attorney agreed to stipulate that Appellant had a reputation of law-abidingness, truthfulness and peacefulness. The Commonwealth responded that the previous prosecutor did not agree to such a stipulation, and that there were no emails or file notations documenting one. The Commonwealth did, however, agree to stipulate to Appellant's law-abidingness. Defense counsel asked the court to "bifurcate" the trial, *i.e.*, continue the trial until later date so that he could present character evidence of Appellant's truthfulness and peacefulness. The trial court denied counsel's request but accepted the stipulation as to Appellant's law-abiding reputation. Defense counsel stated, "That's fine. Stipulation that my client has a reputation for being law abiding. That's all I would need." ***Id.*** at 117-19.

During closing arguments, defense counsel argued that Appellant struck the victim in defense of her sister. The trial court rejected Appellant's

- 3 -

justification defense and found her guilty of aggravated assault, simple assault, and PIC. *Id.* at 145.

On May 19, 2022, the trial court sentenced Appellant to concurrent terms of two years' probation on all charges. Without filing post-sentence motions, Appellant filed a timely notice of appeal. This Court initially dismissed her appeal due to her failure to timely file a docketing statement. On October 6, 2022, we reinstated Appellant's appeal on condition that she file a docketing statement within fourteen days from the date of reinstatement, and Appellant did so. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises four issues in this appeal:

1. Did the trial court err as a matter of law and/or abuse its discretion in not granting the Appellant a bifurcation of trial to call character witnesses where defense counsel proffered that he had entered a stipulation with a prior Assistant District Attorney and there would be no prejudice to the Commonwealth by bifurcating the matter, where the Appellant has a right to put forth relevant character evidence as she has no prior criminal record for any crimes of violence?

2. Did the trial court err as a matter of law and/or abuse its discretion in finding self-defense not credible wherein [Appellant] never raised self-defense but instead raised the justification defense of "defense of others" which requires the Commonwealth to disprove "defense of others" beyond a reasonable doubt and the trial court's reasoning specifically addressed the incorrect justification defense and the record supports that the complainant punched or punched at Appellant's sister who was sitting in the driver's seat of a parked car?

3. Was the evidence insufficient as a matter of law to convict Appellant of Aggravated Assault, Simple Assault, and Possession of an Instrument of Crime wherein the Appellant had a valid

- 4 -

justification defense and the Commonwealth failed to disprove the justification by proof beyond a reasonable doubt?

4. Was the verdict against the weight of evidence wherein the complainant's testimony was contradicted severely by the rest of the admissible evidence including the medical records, testimony of the arresting officer, and stipulation of *crimen falsi* convictions such that it shocks one's [conscience] and sense of justice?

Appellant's Brief at 4-5.

In her first argument, Appellant contends that the trial court abused its discretion by denying her request to continue trial so that her attorney could obtain character witnesses concerning her reputation for truthfulness and peacefulness. We disagree for several reasons.

Although defense counsel initially requested a continuance, the Commonwealth agreed to stipulate to Appellant's law-abidingness, and defense counsel accepted this stipulation as sufficient. N.T., 12/10/21, at 119 (counsel's statement, "That's fine. Stipulation that my client has a reputation for being law abiding. **That's all I would need**") (emphasis added). Through this statement, counsel communicated that the Commonwealth's stipulation to Appellant's law-abidingness obviated any need for a continuance to obtain character testimony. *Cf. Commonwealth v. Green*, 204 A.3d 469, 486 (Pa. Super. 2019) (rejecting defendant's challenge to the authenticity of evidence where defendant stipulated to its authenticity during trial). Further, since the parties stipulated as to Appellant's reputation for law-abidingness, evidence of peacefulness likely would have been cumulative, since we see little, if any,

difference between a reputation for law-abidingness and a reputation for peacefulness.

Finally, when deciding a motion for continuance to secure a witness, the trial court should consider (1) the necessity of the witness to strengthen the party's case; (2) whether the witness is essential to the party's case; (3) the diligence exercised to procure the witness's presence at trial; (4) the facts to which the witness could testify; and (5) the likelihood that the witness could be produced at the next term of court. *Commonwealth v. Norton*, 144 A.3d 149, 143-44 (Pa. Super. 2016). Appellant failed to satisfy these standards because she failed to explain whom she would have called as a character witness, whether this witness existed, whether this witness was willing to testify, or what this witness would have said about Appellant's reputation for peacefulness or truthfulness. For these reasons, the denial of a continuance does not entitle Appellant to relief.

Next, Appellant argues that the evidence was insufficient to sustain her convictions for aggravated assault, simple assault and PIC, because the Commonwealth failed to prove the elements of the charged offenses or disprove Appellant's defense of justification. We disagree.

We apply the following standards to challenges to the sufficiency of the evidence:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is

sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Williams*, 302 A.3d 117, 120 (Pa. Super. 2023).

At the outset, we note that the record should have been clearer as to which subsection of the aggravated assault statute the trial court found Appellant guilty of violating. The information charged Appellant with violating seven of the nine subsections of the aggravated assault statute, 18 Pa.C.S.A. 2702(a)(1) through (a)(7). At the conclusion of trial, the court stated that Appellant was guilty of aggravated assault without specifying the subsection(s) of Section 2702 that Appellant violated. It is clear, however, that the evidence fits only one of the seven subsections charged in the information: Section 2702(a)(4). Subsections (a)(1) and (2) are inapposite because they are graded as first-degree felonies, and Appellant's information charged her with committing a second-degree felony. Subsections (a)(3), (6) and (7) are inapposite because they pertain to assault against 39 categories of "officers" (*e.g.*, police officers, firefighters), and there is no evidence that Jenkins fits within these categories. Subsection (a)(5) is inapposite because

it concerns assault against schoolteachers or other school officials, and there is no evidence that Jenkins fits within these categories.

The evidence does, however, satisfy the remaining subsection, 18 Pa.C.S.A. § 2702(a)(4), which provides that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." *Id.* The evidence demonstrates that Jenkins, the victim, called the police after she found Appellant's son in her garage without her permission. Jenkins left her house after calling the police and returned twenty minutes later to find Appellant and other individuals waiting for her.

An altercation ensued in which Appellant struck Jenkins in the head, back, and face with a two-by-four that had a nail in it. Jenkins was unarmed and twenty weeks pregnant at the time of this incident. She suffered bruises and cuts all over her face, arms, and legs, and she required treatment at the hospital. Appellant's actions demonstrate that she attempted to cause Jenkins serious bodily injury. *See Commonwealth v. Pandolfo*, 446 A.2d 939, 941 (Pa. Super. 1982) (blows to vital portions of body such as head show intent to inflict serious bodily injury); *Commonwealth v. Davidon*, 177 A.3d 955 (Pa. Super. 2018) (evidence of bruising from physical attack proves defendant caused bodily injury). Furthermore, a two-by-four may constitute a deadly weapon when used to strike the victim's head. *Commonwealth v. Johnson*, 326 A.2d 315, 317 (Pa. 1974) (where defendant struck victim's head with

two-by-four and killed victim, evidence was sufficient to show that defendant used deadly weapon; conviction for voluntary manslaughter affirmed).

Appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that she was not justified in using force against Appellant. She claims that her actions were justified to protect the other persons at the scene of the altercation.

> The Crimes Code provides:
>
> The use of force upon or toward the person of another is justifiable to protect a third person when:
>
> (1) the actor would be justified under [18 Pa.C.S.A. §] 505 (relating to use of force in self-protection) in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect;
>
> (2) under the circumstances as the actor believes them to be, the person whom he seeks to protect would be justified in using such protective force; and
>
> (3) the actor believes that his intervention is necessary for the protection of such other person.

18 Pa.C.S.A. § 506.

Under Section 505, self-defense is properly raised as a defense only if there is evidence to support findings that the defendant (1) reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (2) did not provoke the use of force against himself; and (3) did not violate any duty to retreat. 18 Pa.C.S.A. § 505(b)(2); *Commonwealth v. Jones*, 271 A.3d 452, 458 (Pa. Super. 2021). The Commonwealth sustains its burden of disproving self-defense or defense of others

if it proves any of the following: (1) that the [defendant] was not free from fault in provoking or continuing the difficulty which resulted in the offense; (2) that the [defendant] did not reasonably believe that [he or another] was in imminent danger of death or great bodily harm, and that it was necessary to [engage in self-defense or defense of others] to save himself or another therefrom; or (4) that the [defendant] violated a duty to retreat or avoid the danger.

*Commonwealth v. Allen*, 260 A.3d 169, 2021 WL 3183689, *5 (Pa. Super., Jul. 28, 2021) (unpublished memorandum).[2]  Moreover, a claim of self-defense can be negated by establishing that the defendant "used more force than reasonably necessary to protect against death or serious bodily injury."

*Commonwealth v. Truong*, 36 A.3d 592, 599 (Pa. Super. 2012) (*en banc*). It is the province of the factfinder to determine whether the defendant's belief was reasonable, whether she was free of provocation, and whether she had a duty to retreat.  *Commonwealth v. McClendon*, 874 A.2d 1223, 1229 (Pa. Super. 2005).

Viewed in the light most favorable to the Commonwealth, the evidence shows that Appellant was not justified in hitting Jenkins with a two-by-four that had a nail in it.  Jenkins punched Appellant's sister, Michele, once in the face after Michele's son punched Jenkins.  Since Jenkins was unarmed, standing outside of Michele's car, and pregnant, Appellant could not have

---

[2] Pa.R.A.P. 126(b) provides that a non-precedential memorandum decision of this Court filed after May 1, 2019 may be cited for its persuasive value.  We regard **Allen** and the other non-precedential memoranda cited below as persuasive authorities.

reasonably believed that Michele was in "imminent danger of death or great bodily harm." Thus, Appellant could not have reasonably believed that she had to protect Michele by striking Jenkins repeatedly with the nailed two-by-four.[3]

Further, even if Appellant had believed that Michele was in imminent danger, Appellant used more force than was reasonably necessary. Whereas Jenkins was unarmed and used her fist to punch Michele, Appellant struck Jenkins in the head and back with a two-by-four with a nail in it. Her use of a deadly weapon under these circumstances was unwarranted and unreasonable. *Truong*, 36 A.3d at 599 (evidence was sufficient to support conclusion that defendant used more force than necessary to defend himself, negating self-defense claim in third degree murder prosecution; defendant was seven inches taller than victim, yet he stabbed victim 19 times over front and back of his torso, he was uninjured, and he denied anything was wrong when police responded to the scene).

_____

[3] *See Commonwealth v. Green*, 273 A.3d 1080, 1086 (Pa. Super. 2022) (evidence did not establish that defendant reasonably believed he was in imminent danger of death or serious bodily injury, one of the elements required to establish self-defense; defendant only faced non-deadly force, saw no gun, and eluded any attempt by victim to strike him, so his belief that he needed to defend himself with deadly force when faced with unarmed man was unreasonable in light of the facts as they appeared to him, and he made it clear that victim died because he would not return defendant's cell phone, not because defendant acted out of an honest, *bona fide* belief that he was in imminent danger of death or serious bodily injury).

Finally, the evidence establishes that Appellant was not free from fault. Jenkins initially was assaulted by Appellant's son in Appellant's garage. Jenkins fled to a nearby store after calling the police. When she returned to the house, Appellant and her family members were waiting for her. Jenkins began arguing with Michele, and Michele's son punched Jenkins. These facts permit a reasonable inference that Appellant and her family members went to Jenkins' home with the intent to fight her.

For these reasons, the evidence was sufficient to sustain Appellant's conviction for aggravated assault and to refute her justification defense.

The same evidence was sufficient to sustain Appellant's conviction for simple assault under 18 Pa.C.S.A. § 2701(a)(1) (a person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another").[4] Moreover, this evidence was sufficient to

_____

[4] **See id.** Once again, the record could have been clearer as to which kind of simple assault the trial court found Appellant guilty of violating. Neither the information, nor the judgment of sentence, specify any of the four types of simple assault enumerated in Section 2701. Nevertheless, Section 2701(a)(1) is the only subsection that applies to this case. 18 Pa.C.S.A. § 2701(a)(2) proscribes "negligently inflicting bodily injury to another with a deadly weapon." **Id.** Appellant's state of mind was intentional, not negligent. 18 Pa.C.S.A. § 2701(a)(3) prohibits "attempting by physical menace to put another in fear of imminent serious bodily injury." **Id.** Examples of "physical menace" include pointing a gun at the victim, **Commonwealth v. Reynolds**, 835 A.2d 720, 726 (Pa. Super. 2003), or leaning into the victim's face and screaming invective, **Commonwealth v. Neely**, — A.3d —, 2023 WL 6239065, *3 (Pa. Super., Sep. 26, 2023). Appellant approached Jenkins from behind, so there is no evidence Jenkins noticed Appellant before the attack. Thus, Appellant did not engage in "physical menace" designed to place
*(Footnote Continued Next Page)*

sustain Appellant's conviction for PIC. *See* 18 Pa.C.S.A. § 907 ("A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally"). We recently held:

> While a wooden board or a two-by-four may have many lawful uses, striking a person across the face and throwing the object at a person's head do not constitute lawful uses. Here, Appellant possessed the board and intended to—and did—employ it criminally. *See, e.g., Commonwealth v. Tukhi*, 149 A.3d 881, 887 (Pa. Super. 2016) (evidence sufficient to find iron pipe, which was swung at victim, breaking his arm, was an instrument of crime).

*Commonwealth v. Warren*, 2020 WL 974921, *3 (Pa. Super., Feb. 28, 2020) (unpublished memorandum). The same reasoning applies here. Appellant approached Jenkins from behind and repeatedly struck her with a nailed two-by-four on her head, neck and face, conduct that constituted criminal use of this instrument.

Finally, the same evidence that refutes Appellant's justification defense to aggravated assault also refutes her justification defense to simple assault and PIC. Accordingly, Appellant's challenge to the sufficiency of the evidence is devoid of merit.

In her final argument, Appellant asserts that the verdict was against the weight of the evidence. Appellant has waived this argument. The defendant

---

Appellant in fear of imminent bodily harm. Lastly, 18 Pa.C.S.A. § 2701(a)(4) prohibits the defendant from concealing or attempting to conceal a hypodermic needle on his person and penetrating a law enforcement or correctional officer with the needle during an arrest or search. These circumstances obviously were not present here.

must preserve a weight of the evidence challenge either in a written post-sentence motion or verbally at the time of sentencing. ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014). Failure to take either of these measures will result in waiver, even if the trial court addresses the issue in its opinion. ***Id.*** at 490-91. Here, Appellant failed to raise a verbal challenge to the weight of the evidence during her sentencing hearing, and she also failed to file post-sentence motions. Therefore, even though the trial court addressed her weight claim in its Rule 1925 opinion, Appellant has waived this argument.

Before concluding, we must address whether Appellant's sentences for aggravated assault and simple assault merge for sentencing purposes. Although Appellant did not raise this issue on appeal, we may address this issue *sua sponte,* as it implicates the legality of her sentence*.* ***See Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa. Super. 2020) (questions concerning merger implicate legality of sentence and may be raised by this Court *sua sponte*); ***Commonwealth v. Tucker***, 143 A.3d 955, 960 (Pa. Super. 2016) ("[a]n illegal sentence must be vacated" (citation omitted)).

When reviewing the legality of a sentence, "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tighe***, 184 A.3d 560, 584 (Pa. Super. 2018) (citations omitted).

Section 9765 of the Sentencing Code provides as follows:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and **all of the statutory**

> **elements of one offense are included in the statutory elements of the other offense**.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765 (emphasis added).  With regard to the bolded language of this provision, "Section 9765 does not require an evaluation of the specific facts as applied to the elements.  Had the General Assembly so required, it would have included language instructing us so. Instead, the Legislature's guidance dictates that our analysis begins and ends with the statutory elements of each offense." ***Commonwealth v. Edwards***, 256 A.3d 1130, 1137 (Pa. 2021).

As explained above, Appellant stands convicted of simple assault under 18 Pa.C.S.A. § 2701(a)(1) and aggravated assault under 18 Pa.C.S.A. § 2702(a)(1).  Section 2701(a)(1) provides that a person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" ***Id.***  Section 2702(a)(1) provides that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" ***Id.***  The elements of simple assault under Section 2701(a)(1) are subsumed within the elements of aggravated assault under Section 2702(a)(1). ***Commonwealth v. Lopez***, 248 A.3d 520, 2021 WL 306208, *5 (Pa. Super., Jan. 29, 2021) (unpublished memorandum).  Moreover, both simple assault and aggravated assault arose in this case from Appellant's

single act of intentionally striking Jenkins with a two-by-four and attempting to cause her serious bodily injury. Thus, the trial court imposed an illegal sentence for simple assault because it merged with aggravated assault for sentencing purposes.

Although we do not disturb Appellant's conviction for simple assault, we vacate the sentence imposed for that conviction. *Tucker*, 143 A.3d at 958 (affirming conviction but holding that illegal sentence must be vacated). We need not remand for re-sentencing because our decision does not upset the trial court's sentencing scheme, which consisted of entirely concurrent sentences. *See Commonwealth v. Thur*, 906 A.2d 552, 570 (Pa. Super. 2006) (appellate court need not remand for resentencing when it can vacate illegal sentence without upsetting trial court's overall sentencing scheme).

Judgments of sentence for aggravated assault and PIC affirmed. Conviction for simple assault affirmed. Sentence for simple assault vacated. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/8/2024